451 So.2d 775 (1984)
Kenny BLANKS and Paul Robinson
v.
STATE of Mississippi.
No. 54920.
Supreme Court of Mississippi.
June 6, 1984.
*776 Robert M. Logan, Jr., Gerald, Brand, Watters, Cox & Hemleben, Newton, Leon Mangum, Decatur, for appellants.
Bill Allain, Atty. Gen. by Carolyn B. Mills, Sp. Asst. Atty. Gen., Jackson, for appellee.
Before ROY NOBLE LEE, P.J., and BOWLING and DAN M. LEE, JJ.
ROY NOBLE LEE, Presiding Justice, for the Court:
Kenny Blanks and Paul Robinson were jointly indicted, tried and convicted in the Circuit Court of Newton County, Mississippi, Honorable Marcus D. Gordon, presiding, on a charge of armed robbery. The jury was unable to agree upon a sentence and the lower court sentenced each of them to thirty (30) years with the Mississippi Department of Corrections. They have appealed, and Blanks has assigned six (6) errors and Robinson has assigned three (3) errors in the trial below.

I.
The lower court erred in denying Blanks and Robinson a severance for separate trials.
Both appellants contend that the court erred in refusing to grant them a severance. Neither Blanks nor Robinson testified at the trial. Blanks introduced three (3) witnesses, all of whom testified concerning an alibi for him. Robinson offered no evidence in his own behalf.
The appellants argue that it was anticipated Kenneth Robinson, a brother of Paul Robinson and an unindicted accomplice, would testify on behalf of the State. Also, Blanks contended that Paul Robinson had given a confession to the officers and that the confession would be highly prejudicial to him. At trial, the lower court conducted a hearing on an objection to the confession of Paul Robinson, sustained the objection, *777 and did not permit the introduction of the confession.
Kenneth Robinson testified implicating both appellants equally in the planning and commission of the alleged crime, as well as himself. There was no prejudice sustained by either appellant for the failure of the court to grant a severance, since all evidence introduced at trial went to the guilt of both appellants and not to one more than the other. The granting of a severance is discretionary with the judge and, in our opinion, the lower court did not abuse its discretion in declining to grant the severance. Fairley v. State, 349 So.2d 1050 (Miss. 1977); Price v. State, 336 So.2d 1311 (Miss. 1976).

II.
The lower court erred in permitting the jury to consider the identification testimony of Gatha Lackey.
At approximately 3:30 or 4 p.m. on the afternoon of October 30, 1982, Gatha Lackey was standing in her driveway about 20 to 25 feet from the public road when a light beige old model car, either a Pontiac or Oldsmobile, passed her, traveling very slowly. She observed two black men on the front seat and obtained a good view of them, although she could not see their bodies below the shoulders. The robbery had occurred along the road only about 100 yards away, and, within a matter of minutes, the victim came to her house and reported the incident.
A preliminary hearing was held for the appellants in the town of Union after their arrest and Mrs. Lackey attended that hearing. She saw one of the black men at the hearing who looked exactly like Blanks. Mrs. Lackey testified that nobody pointed the man out to her nor did anyone say who the man was. She did not speak with any law enforcement officers about the identification. Subsequent to the preliminary hearing, a deputy sheriff contacted Mrs. Lackey and showed her two photographs. Mrs. Lackey said that the deputy sheriff placed the photographs on a table; that she looked at them; and that he didn't ask her about the identity of the men or comment as to who they were. At the trial, Mrs. Lackey made a positive, unequivocal in-court identification of both appellants.[1]
Robinson contends the fact that Mrs. Lackey went to the preliminary hearing and subsequently saw two photographs of a black man, rendered the identification impermissibly suggestive and that her testimony should have been excluded. However, she stated that she identified the appellants from her observation and view of them in the automobile, which passed her house shortly after the robbery, and she positively and unequivocally identified them in the courtroom. After carefully considering the testimony of Mrs. Lackey, we are convinced that, under the totality of the circumstances, her identification of the appellants was not so suggestive as to give rise to a substantial likelihood of irreparable misidentification. Scott v. State, 359 So.2d 1355 (Miss. 1978); Neil v. Biggers, 409 U.S. 188, 93 S.Ct. 375, 34 L.Ed.2d 401 (1972).

III.-V.
The lower court erred in overruling the appellant Kenny Blanks' motion to be allowed twelve (12) peremptory challenges to the jury panel.
The lower court erred in commenting upon the weight of the evidence.
The lower court erred in giving the "Sharplin" charge to the jury.
The assigned errors above do not constitute reversible error. Mississippi Code Annotated § 99-17-5 (1972) provides the following:
Defendants tried jointly must agree in their challenges made without cause, and shall be entitled to only the number to which one defendant is entitled.
*778 The above section has been the law in this state for more than one hundred years, has never been seriously challenged, and is a complete answer to the error assigned.[2]
Kenny Robinson was called as a witness by the State, and he testified that he was present when the robbery was being planned by appellants. In overruling an objection to his testimony, the court stated: "Overruled. It goes to purpose or scheme, design, and plan." Appellant Blanks argues that such statement by the judge was a comment upon the weight of the evidence. We do not agree with counsel that such statement, in giving the reason for the court's ruling, constituted a comment upon the weight of the evidence and find the assignment to be without merit.
Appellant Blanks next contends that the lower court erred in giving the Sharplin charge.[3] The jury deliberated from 6 p.m. until 9:25 p.m. and announced in open court that it was divided 11-1 and felt that the jury could not agree upon a verdict. The lower court then gave the jury the verbatim charge from Sharplin v. State, 330 So.2d 591 (Miss. 1976) [See Appendix]. Thirty-eight minutes after receiving the Sharplin charge, the jury returned a verdict of guilty as charged on both appellants. The purpose of Sharplin was to formulate a proper instruction which could be given in a situation such as the case sub judice. The Sharplin instruction was devised for the guidance of trial judges, who are entitled to, and should, follow the law as pronounced by this Court to the best of their abilities. Sharplin gives specific authority for the instruction under such cases as we have here. The lower court committed no error in granting same. See also Murphy v. State, 426 So.2d 786, 791 (Miss. 1983).

VI.
The lower court erred in unduly restricting the right of counsel for Kenny Blanks to cross-examine the witness Kenny Robinson.
As mentioned above, Kenny Robinson, an unindicted accomplice of the appellants, testified in favor of the State. On cross-examination, Blank's counsel questioned Robinson concerning his past commission of burglaries and crimes and as to his part in a conspiracy to rob the victim. While the lower court permitted Robinson to testify about his convictions of burglary, and also his connection with the robbery in the case sub judice, it sustained objection to his involvement in other crimes and burglaries for which he had not been convicted. We think the lower court properly ruled on the objection and that no error was committed.[4]

VII.
Both appellants contend that the verdict of the jury was contrary to the overwhelming weight of the evidence.
According to the State's evidence, on October 30, 1982, when Commodore Dean, the victim, was returning from Meridian, to the Hopewell Community in Newton County, where he lived, he saw a beige car stopped on the side of the dirt road. The car darted ahead of him and two black men, one slim and one heavy, got out and demanded Dean's money. The heavy man *779 had a gun, and they took from him two billfolds, containing in excess of $100.00, broke his glasses, skinned his arm, and bent his car door. He drove to Gatha Lackey's, a neighbor who lived approximately 100 yards from where the robbery occurred, and reported the matter to her. Dean could not identify the men.
Gatha Lackey testified that she was in her driveway, waiting to accompany a group of children to a Halloween function. She saw a light beige old model car slowly pass by, observed the men closely, and, in a short while, Mr. Dean came to her house and reported the burglary. She made a positive in-court identification of both appellants.
Kenny Robinson, testified for the State that he was present when the appellants planned the robbery of Mr. Dean, that he heard the plans prior to the robbery; and that he saw them after the robbery and knew they had committed the crime. Although Paul Robinson confessed to the robbery and implicated Kenny Blanks, the trial judge excluded the confession, since the appellants were being tried jointly. Paul Robinson offered no witnesses and Kenny Blanks' defense was an alibi.
We are of the opinion that the evidence presented a guilt question for the jury and that there is no merit in this assignment. Jackson v. State, 440 So.2d 307 (Miss. 1983); Gray v. State, 387 So.2d 101 (Miss. 1980); Warn v. State, 349 So.2d 1055 (Miss. 1977); Carroll v. State, 196 So.2d 878 (Miss. 1967).
There being no reversible errors in the trial below, the judgment of the lower court is affirmed.
AFFIRMED.
PATTERSON, C.J., WALKER, P.J., and BOWLING, HAWKINS, DAN M. LEE, PRATHER, ROBERTSON and SULLIVAN, JJ., concur.
APPENDIX
"I know that it is possible for honest men and women to have honest different opinions about the facts of a case, but if it is possible to reconcile your differences of opinion and decide this case, then you should do so.
Accordingly, I remind you that the court originally instructed you that the verdict of the jury must represent the considered judgment of each juror. It is your duty as jurors to consult with one another and to deliberate in view of reaching agreement if you can do so without violence to your individual judgment. Each of you must decide the case for yourselves, but only after each impartial consideration of the evidence with your fellow jurors. In the course of your deliberations, do not hesitate to reexamine your own views and change your opinion if you are convinced it is erroneous, but do not surrender your honest convictions as to the weight or effect of the evidence solely because of the opinion of your fellow jurors, or for the mere purpose of returning a verdict. Please continue your deliberations."

Sharplin v. State, 330 So.2d 591, 596 (Miss. 1976).
NOTES
[1] Mrs. Lackey, on first being examined, said that the passenger in the automobile was Robinson, but immediately thereafter and throughout her testimony unequivocally stated that Blanks was the passenger and Robinson was the driver.
[2] House Bill No. 362, passed and effective July 1, 1984, amends Mississippi Code Annotated § 11-7-145 (1972), to provide for an equal number of peremptory challenges to jurors in civil actions when additional peremptory challenges are allowed to opposing counsel.

Trial judges should consider the effect of that amendment on trials of joint defendants in criminal cases and as to whether a denial of constitutional rights might result to an accused.
[3] No objection was made to the charge when given.
[4] We note that the lower court gave the following instruction at the request of the defendants:

The jury is instructed that the testimony of Kenny Robinson establishes him as an unindicted co-conspirator in this case. As such you should look upon his testimony with care, caution, suspicion and distrust, taking into consideration his possible motives to testify falsely.