465 So.2d 1070 (1985)
James Eugene TONCREY a/k/a "Harry Toncrey"
v.
STATE of Mississippi.
No. 55388.
Supreme Court of Mississippi.
March 13, 1985.
J.W. Miller, Biloxi, for appellant.
Edwin Lloyd Pittman, Atty. Gen. by Catherine Walker Underwood, Asst. Atty. Gen., Jackson, for appellee.
Before PATTERSON, C.J., and HAWKINS and PRATHER, JJ.
PRATHER, Justice, for the Court:
This is an appeal from a criminal conviction in the Circuit Court of Harrison County, in which James Eugene Toncrey, a/k/a Harry Toncrey was convicted of burglary and sentenced as a habitual criminal to ten years without eligibility for parole at the Mississippi Department of Corrections.
Toncrey appeals assigning as sole ground for reversal that the evidence was *1071 insufficient to support the verdict of the jury.

I.
The State's case against appellant rested upon the testimony of four witnesses. No evidence was introduced on behalf of the defendant at trial.
Rocky H. Byrd testified that his home in Biloxi was broken into on November 16, 1982. Byrd returned home that day, following notification by his wife, to find the bathroom window broken out and the window screen thrown against a nearby fence. A 12 gauge Winchester pump-shotgun and the HBO box were missing from the den area of the home. A small amount of cash was missing from the master bedroom, and several items of jewelry, including a gold necklace brooch with a diamond mounting valued at between $1200 and $1300, were missing from the extra bedroom which had been ransacked.
Mr. Byrd stated that at 2:00 o'clock a.m. on November 18, 1982, following a telephone tip, he went to the Red Garter Lounge and approached the appellant. Byrd told the appellant that he had heard that the appellant had something to sell for a good price. Appellant then produced the gold and diamond brooch necklace, which belonged to Byrd's wife and offered to sell it to Byrd for $400 or $500. Byrd attempted to restrain the appellant, but the appellant slipped free and fled the lounge. Byrd saw the appellant again about one week later in another bar and successfully detained him until law enforcement officers arrived.
Eddie Blake testified that he bought a 12 gauge shotgun from the appellant, whom he knew as "Harry", in November of 1982. Two days after purchasing the shotgun, Blake discovered it was stolen and returned it to Rocky Byrd.
Danny Poulos, the owner of Shady Oaks Bar in Biloxi, testified that the appellant came into the bar on November 17, 1982 and asked Poulos if he was interested in buying some gold.
Investigator J.J. Roberts of the Harrison County Sheriff's Department testified that he investigated the Byrd burglary but did not conduct any investigation at the Byrd residence. Roberts testified that no fingerprints or other physical evidence was recovered which would place the appellant in the Byrd home at any time. Roberts stated that no background investigation was conducted on Eddie Blake. Roberts further testified that he attempted an interrogation of the appellant nine days following the burglary at the Harrison County Jail. Roberts read the appellant his Miranda rights, and the appellant executed a waiver form. Appellant then stated that he did not wish to discuss the burglary, but that if the charges were dismissed, he could locate some of the stolen items.

II.
At the conclusion of the State's case the appellant moved for a directed verdict on the ground that the evidence presented was insufficient to sustain a conviction of burglary of a dwelling. The motion was overruled and appellant assigns this ruling of the trial court as error.
Appellant argues that the stolen items were found in his possession at a point too remote in time to sustain a conviction based upon the inference of guilt arising from possession of recently stolen property. This contention, however, was recently answered by this Court in Rushing v. State, 461 So.2d 710 (Miss. 1984), which upheld a conviction for burglary based upon appellant's possession of a stolen television one month after the burglary. In the case sub judice, as in Rushing, the jury was not instructed as to the presumption arising from possession of recently stolen property. The state tried this case as a circumstantial evidence case, with possession of the stolen jewelry and shotgun by the appellant on the day following the burglary one of the circumstances to be considered by the jury in arriving at its verdict. This procedure used by district attorneys, of trying proper cases as circumstantial evidence cases rather than relying on the presumption *1072 of recently stolen goods, is commendable. It does not force a defendant to take the stand to rebut the presumption.
This Court has stated that on appellate review of a verdict for sufficiency of the evidence, the Court will accept as having been established all that was proved by the evidence, as well as all that such evidence reasonably tended to prove, together with all reasonable inferences to be drawn therefrom favorable to the theory of the prosecution. Carroll v. State, 196 So.2d 878, 883 (Miss. 1967).
Based on the evidence detailed above, this Court cannot conclude that "no reasonable, hypothetical juror could find beyond a reasonable doubt that the defendant was guilty." Pearson v. State, 428 So.2d 1361, 1364 (Miss. 1983). Therefore, in this Court's opinion, appellant's assignment of error is without merit.
The conviction and judgment of the lower court is affirmed.
AFFIRMED.
PATTERSON, C.J., WALKER and ROY NOBLE LEE, P.JJ., and HAWKINS, DAN M. LEE, ROBERTSON, SULLIVAN and ANDERSON, JJ., concur.