485 So.2d 1060 (1986)
Robert RIGBY
v.
STATE of Mississippi.
No. 56162.
Supreme Court of Mississippi.
March 12, 1986.
H. Lee Bailey, Jr., Bailey & Bailey, Winona, for appellant.
Edwin Lloyd Pittman, Atty. Gen. by Billy L. Gore, Asst. Atty. Gen., Jackson, for appellee.
Before PATTERSON, C.J., and HAWKINS and PRATHER, JJ.
HAWKINS, Justice, for the Court:
Robert Rigby appeals from his conviction in the circuit court of Attala County of grand larceny and sentence to five years imprisonment, without parole as a recidivist under Miss. Code Ann. § 99-19-81 (1972).
The only issue we address on this appeal is whether this case should be reversed and remanded because the circuit judge overruled Rigby's motion for a severance. Because the circuit judge subsequently directed a verdict in favor of the co-defendants, we find Rigby was not prejudiced by this pre-trial denial of a severance and affirm.

FACTS
Wayne and Charlotte Weaver owned a residence in Attala County. On November 13, 1983, while they were on a trip to Kentucky, their house burned.
The examination of the charred remains failed to show signs of numerous appliances and furniture which had been in the house prior to their departure to Kentucky.
Their appliances and furniture were found in the possession of J.D. Mangrum, who had purchased them from Rigby, Sammy Tavares and Ricky Tavares, paying them $200.00.
On February 28, 1984, Rigby and the Tavareses were indicted for grand larceny. The Tavareses were represented by one attorney and Rigby by another. On March 13, 1984, the Tavareses made a motion for a severance, and on March 16, Rigby likewise made a motion for a severance. The reason each sought a severance was their respective defenses were in conflict and *1061 adverse to the other. The Tavareses' defense was exculpatory of themselves at the expense of Rigby. His was precisely reverse.
On September 10, 1984, the circuit judge by order denied the severance. Trial proceedings began the next day against all three defendants.
Following presentation of the state's case-in-chief, all three defendants made motions for a directed verdict. The circuit judge sustained the motion of the Tavareses and overruled Rigby's motion.
Rigby then testified in his own behalf, and in rebuttal the Tavareses testified as witnesses for the state.

LAW
Several errors are assigned on appeal. We find only one meriting discussion, the refusal of the circuit judge to grant a motion for severance which was timely made.
Sustaining a motion for a severance, even though timely made, is ordinarily discretionary with the circuit judge in all criminal trials, except death penalty cases. Miss. Code Ann. § 99-15-47 (1972); 4.04 Rules of Criminal Practice; Cardwell v. State, 461 So.2d 754 (Miss. 1984); Price v. State, 336 So.2d 1311 (Miss. 1976).
However, where as here, the testimony of the co-defendants are adverse to each other it is prejudicial error for the circuit judge to overrule a motion for severance, timely made.
In Brown v. State, 340 So.2d 718, 719 (Miss. 1976), we stated:
... [T]rial judges must anticipate the danger of error in joint trials where evidence may be introduced which is admissible against one defendant and is prejudicial to another.
In Blanks v. State, 451 So.2d 775 (Miss. 1984), we found no error in a circuit judge's refusal to grant a severance "where all the evidence at the trial went to the guilt of both appellants and not to one more than the other."
And, in Duckworth v. State, 477 So.2d 935, 937 (Miss. 1985), this Court speaking through Justice Dan Lee, again held a circuit judge properly overruled a motion for a severance because the testimony of one defendant "did not tend to exculpate himself at the expense" of his co-defendants, and there "does not appear to be a conflict of interest among the co-defendants," nor "did the balance of the evidence introduced at trial go more to the guilt of one defendant than to the others." See also, Walker v. State, 430 So.2d 418 (Miss. 1983).
The facts of this case present a classic example where a motion for a severance, timely made, upon proper showing, should be sustained.[1] We would be compelled to reverse this case except for the fact the trial court at the conclusion of the state's case-in-chief magnanimously directed a verdict of acquittal as to the two Tavareses. Any harm which might have ensued to Rigby from a denial of a severance was thereby dissipated. He was in no different position in the trial of this case than he would have been had there been a severance.
AFFIRMED.
PATTERSON, C.J., WALKER and ROY NOBLE LEE, P.JJ., and DAN M. LEE, PRATHER, ROBERTSON, SULLIVAN and ANDERSON, JJ., concur.
NOTES
[1] In what may appear a labor of the obvious, we unequivocally state to trial judges one example where defendants should be granted a severance.