535 So.2d 68 (1988)
Daniel LEFLORE
v.
STATE of Mississippi.
No. 58044.
Supreme Court of Mississippi.
November 30, 1988.
Bentley E. Conner, Canton, for appellant.
Edwin Lloyd Pittman and Mike More, Attys. Gen. by DeWitt Allred, Sp. Asst. Atty. Gen., Jackson, for appellee.
Before DAN M. LEE, P.J., and ANDERSON and ZUCCARO, JJ.
DAN M. LEE, Presiding Justice, for the Court:
Daniel Leflore was indicted by the Grand Jury of Madison County on February 13, 1986, for the crime of business burglary. After a jury trial in the Circuit Court of Madison County, he was convicted on September 12, 1986, of the crime charged and sentenced to six years' imprisonment in the Mississippi Department of Corrections. Motion for a new trial was denied on September 29, 1986.
On appeal, Leflore's attorney has assigned and briefed one error, that the trial court erred in denying his motion for a new trial on the grounds that the verdict was against the overwhelming weight of the evidence. Leflore, himself, has assigned eight additional errors.
Briefly, the facts are these. Lucille Swinney owns a grocery store located on Highway 16 East, Madison County, outside of Canton, Mississippi, known as Swinney's Country Store. The store contains general merchandise, two pool tables, and several game machines. On February 14, 1986, *69 when the store was closed, someone called her to come to the store because someone had broken in. When she arrived, she found a hole in the back wall on the north side, a Timex watch display missing, eight to ten cartons of cigarettes missing, and fifteen or more cases of beer missing.
Tim Hutson, deputy sheriff of Madison County, began investigating the break-in on February 15. He found the point of entry to be a hole in the northeast corner of the building which was made by removing the outer wall, pushing in the inner wall, and moving a jukebox to the side. He also found a black leather button in the crawl space where someone had entered the building. He dusted for fingerprints, lifting some off the metal coin box, usually located inside the pinball machine, as well as off the coin boxes inside the pool tables. Two of the lifted prints matched Leflore's known prints. The pool table coin boxes had been ripped open and dropped on the floor. During his investigation, he was able to recover three of the Timex watches and a black leather coat, which he found at Leflore's mother's house. The watches, the coat, and the fingerprints were admitted into evidence.
Tim Hutson was re-called to the stand and testified that Dennis Clayton turned himself in to the Leake County Sheriff's Department, gave a statement in his own handwriting as to the burglary, and was released on his own recognizance. Clayton told them that the button came from a black leather jacket owned by Leflore and told them they could find the jacket at Leflore's mother's home. Clayton is under indictment for the burglary, but is no longer in Mississippi.
Various witnesses testified that they saw Clayton and Leflore on numerous occasions after the burglary, beginning Thursday evening, February 13. The two were seen with large quantities of beer, cigarettes and coins, as well as with many Timex watches which they would either sell or give away in exchange for rides to various destinations. One witness, Leflore's first cousin, actually stashed some of these items for the two in exchange for two watches. Leflore's brother-in-law unwittingly helped the two transport the items from a hiding place in the woods near Swinney's store. When the brother-in-law finally confronted them about where the items came from, Dennis Clayton said, in the presence of Leflore, that they "stole the beer and stuff from Swinney's." Leflore made no attempt to deny Clayton's statement to his brother-in-law.
The evidence concerning the button and the black leather jacket was in some dispute. Leflore's mother testified that the jacket the deputies picked up is not the same jacket which was admitted into evidence. She claims the jacket in evidence belongs to Dennis Clayton, and is not a real leather jacket, as is her son's. The jacket in evidence was a waist-length coat. One witness testified that Leflore's black leather jacket is a knee-length coat. The button found at the crime scene was analyzed by a forensic scientist with the Mississippi Crime Lab as being of the same size, construction and color as those on the jacket in evidence. The jacket in evidence had several buttons missing, such that the button could not be excluded as a button coming from that particular jacket. Leflore put on the jacket which had been admitted into evidence in front of the jury. As Leflore described it for the record, the jacket was apparently too small for him. Leflore claimed that he gave this particular jacket to Dennis Clayton five years before. He could not say, however, how the coat got back to his mother's house, but offered the opinion that Dennis probably brought it. He also claimed that the police took his real black leather jacket when they arrested him.
Daniel Leflore maintained, in his own defense, that he shared Clayton's newfound bounty, but did not know where Clayton obtained any of it; however, he could offer no explanation for his fingerprints being on the coin boxes from inside the pool tables.

DISCUSSION

I. The Verdict of the Jury was Against the Overwhelming Weight of the Evidence.
Under this assignment of error, Leflore argues that the evidence adduced at *70 trial did not meet the burden of proof which the state was obligated to meet in a circumstantial evidence case: beyond a reasonable doubt and to the exclusion of every reasonable hypothesis consistent with innocence. The jury was properly instructed as to this burden of proof.
Leflore's contention that the jury verdict was against the weight of the evidence stems procedurally from his motions for directed verdict and request for peremptory instruction, all denied, as well as from the trial court's denial of Leflore's motion for a new trial. This Court has often stated the standard of review to be applied to a motion for directed verdict:
In passing upon a motion for a directed verdict, all evidence introduced by the state is accepted as true, together with any reasonable inferences that may be drawn from that evidence, and, if there is sufficient evidence to support a verdict of guilty, the motion for directed verdict must be overruled.
Guilbeau v. State, 502 So.2d 639, 641 (Miss. 1987), citing Bayse v. State, 420 So.2d 1050, 1054 (Miss. 1982). As to a motion for a new trial, the trial judge should set aside the jury's verdict only when, in the exercise of his sound discretion, he is convinced the verdict is contrary to the substantial weight of the evidence; this Court will not reverse unless convinced the verdict is against the substantial weight of the evidence. Russell v. State, 506 So.2d 974, 977 (Miss. 1987); Burt v. State, 493 So.2d 1325, 1328 (Miss. 1986); Winters v. State, 473 So.2d 452, 461 (Miss. 1985). Unif.Crim. R.Cir.Ct.Prac. 5.16.
Also, it is necessary to bear in mind that in a circumstantial evidence case, the state is required to "prove the accused's guilt not only beyond a reasonable doubt, but to the exclusion of every other hypothesis consistent with innocence." Guilbeau, 502 So.2d at 641. See also Stokes v. State, 518 So.2d 1224, 1226 (Miss. 1988); Montgomery v. State, 515 So.2d 845, 848 (Miss. 1987); Fisher v. State, 481 So.2d 203, 213 (Miss. 1985). The standard of review of a conviction based upon circumstantial evidence "must be distinguished from the burden of proof evaluated by the jury. Our standard is that a circumstantial evidence conviction will not be disturbed unless it is opposed `by a decided preponderance of the evidence.'" Stokes, 518 So.2d at 1227.
Having carefully reviewed the record, we are convinced that there was substantial evidence of such quality and weight that reasonable and fair-minded people in the exercise of impartial judgment might reach different conclusions as to guilt. As such, this Court will not disturb the jury's verdict. Montgomery, 515 So.2d at 845. This assignment of error is without merit.
Of greater concern is Leflore's attorney's position on this appeal. Along with his brief, the attorney submitted a letter which states that were the decision left up to him, he would not have appealed the case because the record "is almost devoid of objections and other error for appeal." However, Leflore insisted upon perfecting the appeal. Therefore, the attorney attempted to follow the dictates of Killingsworth v. State, 490 So.2d 849 (Miss. 1986), by filing the appeal, briefing the one assignment of error, and asking for an extension of time in order that Leflore could read the brief and file any additional points he wished to raise. The attorney went over the brief with Leflore and explained that Leflore could raise additional points. Leflore told his attorney he wished to raise eight more points, which the attorney wrote down, explaining to Leflore that he, Leflore, should write his arguments under each proposition. The attorney pointed out law books in the prison library which Leflore could use and showed him how to use them. Subsequently, Leflore did not pursue his arguments here on appeal, other than to state his propositions, which were considered with great care by this Court.
The procedure followed here by Leflore's attorney tracks the procedure we contemplated in Killingsworth, 490 So.2d at 852. We commend the attorney's conscientious and diligent protection of the rights of his client. The attorney has, at the same time, fulfilled his obligation of fidelity to this Court by stating, with honor, his belief that *71 this appeal is without merit except as to the first assignment of error, "the verdict of the jury was against the overwhelming weight of the evidence," which he did brief and argue. See Killingsworth, 490 So.2d at 851. We write today to point out that this is the correct implementation of the procedure we contemplated in Killingsworth, even though the attorney/client obligations and relationships were materially different here from those in Killingsworth.
Turning to the merits of the points raised by Leflore, three of them have to do with the weight of the evidence, were addressed in the attorney's brief, were considered by this Court, and found to be without merit. The remainder of the points raised have to do with matters outside the record of this case and are not appropriate for our review.
Therefore, finding no error in the trial court below, we affirm Leflore's conviction of business burglary and the sentence of six years' imprisonment in the custody of the Mississippi Department of Corrections.
AFFIRMED.
ROY NOBLE LEE, C.J., HAWKINS, P.J., and PRATHER, ROBERTSON, SULLIVAN, ANDERSON, GRIFFIN and ZUCCARO, JJ., concur.