# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 97-KA-00568-SCT

*LASHAWN McFARLAND a/k/a LASHAWN D. McFARLAND*

*v.*

*STATE OF MISSISSIPPI*

| | |
|---|---|
| DATE OF JUDGMENT: | 04/04/97 |
| TRIAL JUDGE: | HON. JOHN B. TONEY |
| COURT FROM WHICH APPEALED: | RANKIN COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | JIM WAIDE |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL |
| | BY: DEIRDRE McCRORY |
| DISTRICT ATTORNEY: | JOHN KITCHENS |
| NATURE OF THE CASE: | CRIMINAL - FELONY |
| DISPOSITION: | REVERSED AND REMANDED- 3/18/99 |
| MOTION FOR REHEARING FILED: | 3/29/99 |
| MANDATE ISSUED: | 5/20/99 |

**EN BANC.**

**SMITH, JUSTICE, FOR THE COURT:**

## STATEMENT OF THE CASE

¶1. On January 22, 1996, the Grand Jury of Rankin County, Mississippi, indicted Lashawn McFarland for an armed robbery which occurred on October 30, 1995, at the Best Western motel in Pearl, Mississippi. McFarland was arrested for this charge on November 14, 1995, and arraigned on March 15, 1996.

¶2. At the time of arraignment, a trial date was set for July 18, 1996. However, on July 13, 1996, there was a joint agreed motion between court-appointed counsel and the State for a continuance and an agreed order of continuance which continued the case until October 31, 1996. On July 16, 1996, court-appointed counsel gave notice of an insanity defense.

¶3. However, on December 18, 1996, McFarland then retained another attorney, Jim Waide, to represent him. McFarland gave notice of an alibi defense on January 6, 1997, stating that on the date of the robbery, he was at work for Wackenhut Security. However, this alibi defense could not be verified because Wackenhut lost McFarland's work records during a company move in November 1996.

¶4. The trial was held on March 12-14, 1997, in Rankin County, Mississippi, Honorable John B. Toney, Circuit Judge, presiding. McFarland was found guilty of the crime of robbery with a deadly weapon by a jury on March 14, 1997. However, the jury was not able to agree on the appropriate sentence, and the trial judge accordingly sentenced McFarland to serve a term of (10) years in the custody of the Mississippi Department of Corrections and to pay all court costs, fees, and assessments on or before the ninetieth (90th) day following release from custody.

¶5. Aggrieved by the trial court's judgment, McFarland appeals and raises the following issues:

**I. THE COURT ERRED IN ADMITTING EVIDENCE OF OTHER ARMED ROBBERIES FOR THE PURPOSE OF IMPEACHING MCFARLAND'S TESTIMONY THAT HE HAD NEVER POINTED A GUN AT ANYONE.**

**II. THE COURT VIOLATED MCFARLAND'S FEDERAL AND STATE CONSTITUTIONAL RIGHTS TO BE FREE FROM DOUBLE JEOPARDY BY INTRODUCING EVIDENCE CONCERNING THE ROBBERY IN MADISON COUNTY FOR WHICH MCFARLAND HAD BEEN ACQUITTED.**

**III. THE COURT ERRED IN NOT DECLARING A MISTRIAL WHEN THE PROSECUTOR QUESTIONED MCFARLAND ABOUT HIS FAILURE TO TESTIFY AT THE MADISON COUNTY TRIAL.**

**IV. THE CIRCUIT COURT ERRED IN INSTRUCTING THE JURY THAT THE STATE DID NOT HAVE TO DISPROVE DEFENDANT'S ASSERTED ALIBI (THAT DEFENDANT WAS AT WORK).**

**V. THE INDICTMENT SHOULD BE DISMISSED BECAUSE OF VIOLATION OF MCFARLAND'S SPEEDY TRIAL RIGHTS UNDER THE MISSISSIPPI AND UNITED STATES CONSTITUTIONS.**

## LEGAL ANALYSIS

**I. THE COURT ERRED IN ADMITTING EVIDENCE OF OTHER ARMED ROBBERIES FOR THE PURPOSE OF IMPEACHING MCFARLAND'S TESTIMONY THAT HE HAD NEVER POINTED A GUN AT ANYONE.**

¶6. Before trial, defense counsel made a motion in limine to prohibit the State from mentioning any of McFarland's other offenses. Specifically, McFarland had been charged with four other armed robberies of hotels in various counties, which were in various stages of the prosecutorial process. The first offense occurred on October 21, 1995, in Hinds County, Mississippi. McFarland had been tried for this offense, however, this resulted in two (2) mistrials. The second offense occurred on November 5, 1995, at the Comfort Inn in Ridgeland, Mississippi. However, McFarland was previously tried and **acquitted** of this offense. The third offense also occurred on November 5, 1995, at the Comfort Inn in Vicksburg, Mississippi. McFarland had been indicted but had not been to trial for this offense at the time of the trial regarding the present appeal. The fourth offense, which is at issue in this appeal, occurred on October 30, 1995, at the Best Western motel in Pearl, Mississippi.

¶7. Defense counsel argued that these offenses were not admissible as evidence under Miss. R. Evid. 404(b) and 403. In response, the State maintained that these prior offenses were relevant to show modus operandi and identity. Specifically, the State pointed out that the victims would testify that a young black male whom they identified as McFarland, walked into their hotel lobby and robbed them using a firearm. Some of the victims would testify that he used a silver or chrome handgun, and some would testify that he asked only for "big bills." The State contended that these similarities established with certainty that McFarland used identical modus operandi, and that it was the same person, whom they identified as McFarland, committing each one of these crimes. The State further maintained that this evidence was not unfairly prejudicial to McFarland under Rule 403, because he could always point out that he had been acquitted of the charge in Madison County and that the charges in Hinds County had been nolle prosed after two (2) mistrials.

¶8. The trial judge granted McFarland's motion in limine and ruled that there would be no reference to any other charges in either the opening statement or in the case in chief. The trial judge's ruling was based upon the fact that there were factual problems in the other cases pending in the other counties, and it would tend to confuse the jury and cause undue delay.

¶9. However, during direct examination, McFarland testified that he had never pointed a gun at anyone and had never robbed anyone. Thereafter, defense counsel made another motion in limine to prohibit any cross-examination regarding this statement and specifically by the use of the other charges. Defense counsel pointed out that the prejudicial effect of allowing the use of the other charges to impeach the defendant would far exceed the probative value. The trial judge denied the defendant's motion in limine and ruled that the evidence concerning the other charges would be allowed to impeach the defendant's credibility.

## Rule 403 Analysis

¶10. Rule 403 provides as follows:

> Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.

M.R.E. 403.

¶11. The Rule 403 problem here is the **acquittal** in Madison County. Specifically, on direct examination, McFarland brought out the fact that the trial for the Hinds County charge had resulted in two mistrials, that he did not know whether he would go to trial for the Warren County charge, and that he had been acquitted of the charge in Madison County. On cross-examination, the State questioned McFarland about the Ridgeland robbery, as follows:

> Q. Okay. Now, in Madison County when they had the trial there regarding the Ridgeland robbery . . . was that, that Ridgeland robbery, was that of a hotel also?
>
> A. Yes, sir.
>
> Q. Okay. Regarding a man with a silver gun?
>
> Mr. Waide (defense counsel): Your honor, excuse me. . . . I want to renew my objection on the

double jeopardy point of the Fifth Amendment. It's not proper to utilize that - that trial in this case.

He can't - the State is bound to accept - a not guilty verdict is final and binding. They cannot go behind a not guilty verdict in Madison County.

The COURT: Overruled.

¶12. Impeachment by use of a charge for which McFarland had been previously acquitted drastically increases the amount of prejudice under M.R.E. 403. *Blanks v. State*, 451 So.2d 775, 778 (Miss.1984); *Accord* **Wilkins v. State**, 603 So.2d 309, 323 (Miss.1992) (holding that a witness should not be cross-examined regarding his involvement with crimes for which he has not been convicted); *See also* **Horne v. State**, 487 So.2d 213, 217 (Miss. 1987) (noting that before the adoption of the new Rules of Evidence, it was the rule in Mississippi that a witness could be impeached on cross examination by references to crimes only if they resulted in convictions). Therefore, without addressing any possible constitutional violations, we find that reversible error was committed by the trial court in allowing the district attorney to offer impeachment evidence regarding a previous charge for which McFarland had been acquitted. The trial court's judgment is reversed, and the case will be remanded for a new trial.

**II. THE COURT VIOLATED MCFARLAND'S FEDERAL AND STATE CONSTITUTIONAL RIGHTS TO BE FREE FROM DOUBLE JEOPARDY BY INTRODUCING EVIDENCE CONCERNING THE ROBBERY IN MADISON COUNTY FOR WHICH MCFARLAND HAD BEEN ACQUITTED.**

**III. THE COURT ERRED IN NOT DECLARING A MISTRIAL WHEN THE PROSECUTOR QUESTIONED MCFARLAND ABOUT HIS FAILURE TO TESTIFY AT THE MADISON COUNTY TRIAL.**

**IV. THE CIRCUIT COURT ERRED IN INSTRUCTING THE JURY THAT THE STATE DID NOT HAVE TO DISPROVE DEFENDANT'S ASSERTED ALIBI (THAT DEFENDANT WAS AT WORK).**

**V. THE INDICTMENT SHOULD BE DISMISSED BECAUSE OF VIOLATION OF MCFARLAND'S SPEEDY TRIAL RIGHTS UNDER THE MISSISSIPPI AND UNITED STATES CONSTITUTIONS.**

¶13. Discussion of issues II through V is rendered moot by the reversal required in Issue I.

## CONCLUSION

¶14. This Court holds that the evidentiary rules governing propriety of impeachment by contradiction are Rules 402 and 403. Reversible error lies here in the fact that the prosecution used a prior charge of which McFarland was **acquitted** in Madison County. Use of a prior charge for which a defendant is acquitted by the prosecution is highly prejudicial and therefore violative of M.R.E. 403. Because these events are unlikely to transpire on retrial, we do not consider whether the Rule 402 and Rule 403 analysis would dictate admission of evidence involving charges as to which there has not been a final resolution. Accordingly, the trial court's judgment is reversed, and this case is remanded for a new trial.

¶15. **REVERSED AND REMANDED FOR PROCEEDINGS CONSISTENT WITH THIS**

**OPINION.**

**PRATHER, C.J., SULLIVAN AND PITTMAN, P.JJ., BANKS, MILLS AND WALLER, JJ., CONCUR. McRAE, J., CONCURS IN RESULT ONLY.**