510 So.2d 530 (1987)
Larry DeWayne HARPER
v.
STATE of Mississippi.
No. 57002.
Supreme Court of Mississippi.
July 29, 1987.
*531 James C. Helveston, Edwards, Storey & Helveston, West Point, for appellant.
Edwin Lloyd Pittman, Atty. Gen. by Pat Flynn, Sp. Asst. Atty. Gen., Jackson, for appellee.
Before ROY NOBLE LEE, P.J., and DAN M. LEE and GRIFFIN, JJ.
ROY NOBLE LEE, Presiding Justice, for the Court:
Larry DeWayne Harper was indicted, tried and convicted in the Circuit Court of Clay County, for the sale of less than one (1) ounce of marijuana and was sentenced as an habitual offender, under Mississippi Code Annotated § 99-19-81 (1972) to three (3) years in the custody of the Mississippi Department of Corrections and was fined three thousand dollars ($3,000). Harper has appealed to this Court and assigns five (5) errors in the trial below.
The appellant sold a package of marijuana, less than one (1) ounce, to an undercover agent of the State Bureau of Narcotics, in a car wash, West Point, Mississippi, after the agent and an informant had made contact with the appellant on Highway 45 and followed him to the car wash. The agent was wearing a body microphone and the transaction was taped by two other agents in a nearby car. That tape was introduced into evidence. Appellant was arrested after making the sale of marijuana to the agent.
Appellant testified at trial that he had never been convicted of a drug-related offense; that he bought less than an ounce of the marijuana for his own personal use at the time; that he had talked to the informant and agent about twenty (20) minutes and that, during most of the time, the informant was trying to get him to sell the marijuana; that he (appellant) just let him have it; that he had no intention of selling it to anyone else; that the informant had tried two or three times to recruit him to sell marijuana; that he had bought marijuana from the informant on a lot of occasions; that he knew where to purchase marijuana; that the marijuana was not supplied by the agent; and that he was entrapped into making the sale.
The appellant contends that the lower court erred (1) in overruling his demurrer to the indictment and receiving into evidence certified copies of convictions from the Circuit Court of Cook County, Illinois, which failed to meet the standards of MCA § 99-19-81; (2) in overruling appellant's motion for continuance based on the absence of Wendell Wilson, confidential informant for the Mississippi Bureau of Narcotics; (3) in admitting into evidence a tape recording of the sale transaction which was incomplete, unintelligible in part, and which served to bolster the testimony of Officer Jackson; and (4) in refusing to instruct the jury on the defense of entrapment, requested by appellant in Instructions D-5 and D-6. We have carefully examined the record and briefs relating to those assigned errors, and find that each of them is without merit.
We address the remaining contention of appellant, i.e., that the lower court erred in overruling his motion to quash the jury panel based on the fact that the jury was composed of twelve (12) members of the white race and a white alternate, and that the appellant is a member of the black race, thus denying the appellant the right to a trial by a jury of his peers.
The question presented here was raised in the lower court on timely motion to quash the jury panel because blacks were excluded from the jury, and on motion for new trial. The parties stipulated that during the October 8, 1985, trial of appellant, Larry DeWayne Harper, on the charge of sale of a controlled substance, the district attorney, by exercise of his peremptory challenges, eliminated the black members of the jury panel so as to result in a all-white jury for the trial of the black appellant; that, if Assistant District Attorney Forrest Allgood were called to testify on the motion, his testimony would be that his jury selection, or the manner in which he exercised his peremptory challenges, was not racially motivated; and that defense counsel exercised all of his peremptory challenges to exclude white members of *532 the venire. The motions were overruled. At the time Batson v. Kentucky, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986), had not been decided.
Under Batson, when a defendant shows that he is a member of a "cognizable racial group"; that the prosecutor has exercised peremptory challenges toward the elimination of veniremen of the defendant's race; and that attendant facts and circumstances infer that those challenges were made for the purpose of striking minorities from the jury; then he has established a prima facie case of the constitutionally impermissible exclusion of black jurors by way of peremptory challenges. The burden then shifts to the prosecution to come forward with a racially neutral explanation for each of the challenges. See also Williams v. State, 507 So.2d 50, 52 (Miss. 1987). At the time the State filed its brief on June 17, 1986, Batson had been decided. The State's answer to this contention is that Swain v. Alabama, 380 U.S. 202, 85 S.Ct. 824, 13 L.Ed.2d 759 (1965); and Belino v. State, 465 So.2d 1043 (Miss. 1985); were the law of this state at the time appellant was tried, and that Batson may not be applied retroactively. The State cites Esquival v. McCotter, 791 F.2d 350 (5th Cir.1986).
The State's interpretation of the retroactive feature of Batson is misplaced in light of the United States Supreme Court's recent holding that Batson applies retroactively to cases not yet final at the time of its decision. Griffith v. Kentucky, 479 U.S. ___, 107 S.Ct. 708, 93 L.Ed.2d 649 (1987). The meaning of Batson is that, after a criminal case has been tried and concluded in its entirety, which extends through appeals to the highest court of a state, i.e., here, the Mississippi Supreme Court, the Batson rule may not be applied retroactively. However, in the present case, the question was timely raised at jury selection by a motion to quash the jury on the ground of systematic exclusion, and was urged again on motion for new trial, where stipulations were entered by the parties. Therefore, the Batson principle applies in this case. Williams v. State, supra.
Following Williams, supra, this case must be remanded to the lower court for hearing to determine whether the appellant can establish a prima facie case under Batson. If he can, the prosecutor may then enumerate neutral, non-racial explanations for each of the peremptory challenges exercised on black jurors, in conforming to the Batson holding. Appellant, in turn, may rebut any such explanations, if he is able to do so. In the event the lower court finds purposeful discrimination, it should order a new trial, and, if to the contrary, the cause should be certified to this Court with evidence contained in the record at the hearing and finding of facts by the lower court as to each black juror peremptorily challenged.
REVERSED AND REMANDED.
WALKER, C.J., HAWKINS, P.J., and DAN M. LEE, PRATHER, ROBERTSON, SULLIVAN, ANDERSON and GRIFFIN, JJ., concur.