DAN M. LEE, Justice,
for the Court:
Bobby Caldwell was convicted of capital murder and sentenced to death in the Circuit Court of DeSoto County. On direct appeal, this Court affirmed both findings in Caldwell v. State, 443 So.2d 806 (Miss.1983); however, the United States Supreme Court vacated this sentence in Caldwell v. Mississippi, 472 U.S. 320, 105 S.Ct. 2633, 86 L.Ed.2d 231 (1985). Following the remand from the United States Supreme Court, Caldwell sought post-conviction review of the guilt verdict in the state courts, alleging for the first time that “the prosecution’s use of peremptory challenges to strike all blacks and several women from the group of potential jurors violated federal and state constitional law.” Caldwell v. State, 481 So.2d 850-51 (Miss.1985). This Court reviewed this claim, but found that there was “not shown a continuous and systematic exclusion of blacks or women from jury service in DeSoto County.” Id. That holding was based upon the authority of Swain v. Alabama, 380 U.S. 202, 85 S.Ct. 824, 13 L.Ed.2d 759 (1965). Contemporaneously with his seeking post-conviction relief, Caldwell was retried on the sentence issue and was ultimately, in the summer of 1986, sentenced to life imprisonment by a Panola County jury. At present, he is not under a death sentence.
After this Court refused to grant post-conviction relief, Caldwell petitioned the United States Supreme Court for certiorari. Caldwell v. Mississippi, — U.S. -, 107 S.Ct. 1269, 94 L.Ed.2d 130 (1987). While his petition was pending, the Court decided Batson v. Kentucky, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986), which overturned Swain to the extent that Swain required the proof of repeated striking of black jurors in a number of cases. Thus, Batson changed the showing necessary to *1361 establish an invidious use of peremptory challenges by allowing the defendant to “establish a prima facie case of purposeful discrimination in selection of the petit jury solely on evidence concerning the prosecutor’s exercise of peremptory challenges at the defendant’s trial.” Batson, 476 U.S. at -, 106 S.Ct. at 1722-23, 90 L.Ed.2d at 87.
The U.S. Supreme Court delineated the extent to which the Batson rationale applies retroactively in Allen v. Hardy, 478 U.S. 255, 106 S.Ct. 2878, 92 L.Ed.2d 199 (1986) and Griffith v. Kentucky, 479 U.S. -, 107 S.Ct. 708, 93 L.Ed.2d 649 (1987). Griffith held that Batson would apply retroactively to “all cases, state or federal, pending on direct review or not yet final....” 479 U.S. at-, 107 S.Ct. at 716, 93 L.Ed.2d at 661. In Allen, a federal habeas corpus action, the Court refused to apply Batson “retroactively on collateral review of convictions that became final before our opinion was announced.” 477 U.S. at 96, 106 S.Ct. at 2880, 92 L.Ed.2d at 204. The term “final” was defined as “where the judgment of conviction was rendered, the availability of appeal exhausted, and the time for petition for cer-tiorari had elapsed before our decision in Batson.” Id., n. 1.
In light of these recent developments, the United States Supreme Court has remanded Caldwell to this Court, with instructions that it be reconsidered in light of Griffith and Allen. We interpret this action as mandating that this Court review the procedural status of Caldwell as of the time of the Batson decision, in order to determine whether the Batson rationale must be applied retroactively to it.
The decision in Batson was rendered on April 30, 1986. Caldwell filed his petition for certiorari with the United States Supreme Court on March 3, 1986. At that point, he was seeking post-conviction relief under Miss.Code Ann. §§ 99-39-1, et. seq. (Supp.1986), also known as the “Mississippi Uniform Post-Conviction Collateral Relief Act.” A reading of this chapter convinces us that Caldwell’s case was not, at the time Batson was decided, on direct appeal, but was on collateral review of a conviction that had achieved finality before Batson was rendered. Thus, applying the rationale of Allen v. Hardy, the challenge to the prosecutor’s peremptory challenges need not be reviewed under the more liberal guidelines of Batson. Cf. Williams v. State, 507 So.2d 50 (1987). “{Griffith mandates the availability of Batson rights and procedure to today’s appellant, Albert Leroy Williams, whose appeal was perfected some two months prior to Batson and, per force, his conviction had not become final when Batson was decided, nor is it final yet.” At p. 53.)
Therefore, having considered this case in light of Griffith v. Kentucky, 479 U.S. -, 107 S.Ct. 708, 93 L.Ed.2d 649 (1987) and Allen v. Hardy, 478 U.S. 255, 106 S.Ct. 2878, 92 L.Ed.2d 199 (1986), as mandated by the United States Supreme Court in its order dated February 23, 1987, and finding that Caldwell’s case had achieved finality before Batson was rendered, we reinstate the prior opinion and order of this Court in Caldwell v. State, 481 So.2d 850 (Miss.1985).
IT IS SO ORDERED.
WALKER, C.J., and ROY NOBLE LEE, P.J., and PRATHER,
ANDERSON and GRIFFIN, concur.
ROBERTSON and SULLIVAN, JJ., dissent.
HAWKINS, P.J., not participating.