524 So.2d 565 (1988)
Steve TAYLOR
v.
STATE of Mississippi.
No. 57235.
Supreme Court of Mississippi.
January 13, 1988.
Rehearing Denied May 18, 1988.
William B. Kirksey, Kirksey & Associates, Jackson, for appellant.
Edwin Lloyd Pittman, Atty. Gen. by DeWitt Allred, Sp. Asst. Atty. Gen., Jackson, for appellee.
Before HAWKINS, P.J., and ANDERSON and GRIFFIN, JJ.
ANDERSON, Justice, for the Court:
This appeal from the Circuit Court of Warren County is the latest chapter in a story that began with a crime of singular atrocity. Polly deGrandpre, a 75-year-old woman, worked for a laundry and cleaning company in Vicksburg. On February 9, 1985, her employer came to the cleaners early in the morning and found her body. Only minutes before, someone had stabbed her repeatedly and cut her throat.
After investigation, Vicksburg authorities arrested Steve Taylor and charged him with capital murder. Trial was held in the Circuit Court, after which the jury found Taylor guilty of simple murder. Taylor was then sentenced to life imprisonment.
On appeal, Taylor has submitted many assignments of error. We have duly considered each of them, and we are of the opinion that all save one lack sufficient merit to warrant detailed discussion. Our misgivings concern the thorny problems created by the implementation of the new Supreme Court doctrine of Batson v. Kentucky, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986).
Taylor, who is black, points out that during voir dire, all but one of the state's peremptory challenges were directed against black members of the venire. The result was that eleven of the twelve panel *566 members and two of the three alternates were white. At trial, the judge called upon the prosecutor to state for the record his reasons for challenging each of the prospective black jurors. After this was done, the judge announced himself satisfied that the challenges had not been made for racial reasons, and the trial proceeded.
At the outset, we must make it clear that when this case was tried, Batson had not yet been decided. At the time, few people foresaw the Supreme Court's abrupt change in doctrine. Certainly, this trial judge cannot be faulted merely for lacking such precognition. On the contrary, his determination to keep the trial free from racial prejudice was obvious. Indeed, under the then-received doctrine of Swain v. Alabama, 380 U.S. 202, 85 S.Ct. 824, 13 L.Ed.2d 759 (1965), his actions would have been more than sufficient.
Unhappily, we are constrained to use a certain amount of hindsight by Griffith v. Kentucky, 479 U.S. 314, 107 S.Ct. 708, 93 L.Ed.2d 649 (1987), which held that Batson must be applied retroactively to cases not yet final when Batson was handed down. The present case falls within this category.
Under Batson, a criminal defendant makes out a prima facie case for attacking the composition of a jury panel if he can show (1) that he is a member of a cognizable racial group (2) that the prosecutor has exercised peremptory challenges toward the elimination of veniremen in that group; and (3) that the attendant circumstances justify an inference that the challenges were made for racially invidious purposes. See Batson, 476 U.S. at 95, 106 S.Ct. at 1722, 90 L.Ed.2d at 87. The burden then shifts to the prosecution to give racially neutral explanations for each challenge. Id. 476 U.S. at 97, 106 S.Ct. at 1723, 90 L.Ed.2d at 88.
In the present case, the state's use of all but one of its peremptory challenges to strike blacks was suspicious enough to warrant some inquiry, and the trial judge did well to conduct a hearing. The prosecutor did give reasons for each strike, and these satisfied the judge. Cf. Lockett v. State, 517 So.2d 1346 (Miss. 1987). We have since held that a defendant may be allowed to rebut such testimony. Harper v. State, 510 So.2d 530, 532 (Miss. 1987); Williams v. State, 507 So.2d 50, 53 (Miss. 1987). In the present case, however, Taylor indicated no desire to do so.
All things considered, this trial came remarkably close to anticipating the requirements of Batson. Were we to reverse, we would effectively be penalizing the trial judge for not being clairvoyant. This we decline to do. The matter was handled as well as it could have been given the knowledge available at the time.
The judgment and sentence of the circuit court are affirmed.
AFFIRMED.
ROY NOBLE LEE, C.J., HAWKINS and DAN M. LEE, P.JJ., and PRATHER, ROBERTSON, SULLIVAN, GRIFFIN and ZUCCARO, JJ., concur.