523 So.2d 1018 (1988)
Donald Ray ABRAM
v.
STATE of Mississippi.
No. DP-55.
Supreme Court of Mississippi.
April 13, 1988.
Merrida P. Coxwell, Jr., Stanfield, Carmody & Coxwell, Jackson, for appellant.
Edwin Lloyd Pittman and Mike Moore, Attys. Gen., by Marvin L. White, Jr., Asst. Atty. Gen., Jackson, for appellee.
Before ROY NOBLE LEE, C.J., and SULLIVAN and ANDERSON, JJ.
SULLIVAN, Justice, for the Court:
Donald Ray Abram was convicted in the Circuit Court of Marion County for capital murder and sentenced to life imprisonment in the custody of the Mississippi Department of Corrections.
On July 23, 1982, Abram and Herman Barnes robbed a convenience store in Marion County. After the robbery, Barnes shot and killed the store clerk and a customer who entered the store during the robbery. At voir dire the prosecutor used five of his peremptory challenges to strike black jurors which resulted in an all white jury. Defense counsel made a motion to quash the venire at the time the jury was empaneled arguing that the prosecution's *1019 use of peremptory challenges showed a systematic exclusion of blacks from the jury. The motion was overruled. The defense later renewed the motion and introduced the jury list into evidence as an exhibit.
Abram assigned as error the denial of his motion to quash. At the time the briefs were filed in this cause, the United States Supreme Court had granted certiorari to address this question. Batson v. Kentucky is now law and holds that "a prosecutor's use of peremptory challenges to exclude blacks from a jury trying a black defendant may be the basis for a claim of purposeful racial discrimination under the due process clause." Thomas v. State, 517 So.2d 1285, 1286 (Miss. 1987), citing Batson v. Kentucky, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986).
This case is on direct appeal, and thus is in the proper window for the application of Batson. Griffith v. Kentucky, 479 U.S. 314, 107 S.Ct. 708, 93 L.Ed.2d 649 (1987). See also, Caldwell v. State, 517 So.2d 1360 (Miss. 1987), and Harper v. State, 510 So.2d 530 (Miss. 1987).
Abram has also satisfied the procedural requirements for Batson application established in Thomas v. State, 517 So.2d 1285 (Miss. 1987), and Jones v. State, 517 So.2d 1295 (Miss. 1987). The record clearly reflects a timely objection to the composition of the jury by defense counsel and a subsequent renewal of that motion. See also, Lockett v. State, 517 So.2d 1346 (Miss. 1987).
Following our prior decisions, this case must be remanded to the lower court for a Batson hearing. The type of proof and the burden of such has been clearly enumerated by this Court in several recent decisions.
Under the Harper rationale, this case must be remanded to the lower court to determine if the appellant can establish a prima facie case of the constitutionally impermissible exclusion of the black jurors. The prosecutor must then enumerate neutral, non-racial explanations for those peremptory challenges, which the appellant may rebut, if she can. If purposeful discrimination is found, the lower court must order a new trial; if it is not found, the cause should be certified to this Court, along with the record of the hearing and finding of fact by the lower court.
Joseph v. State, 516 So.2d 505 (Miss. 1987). See also, Taylor v. State, 524 So.2d 565 (Miss. 1988); Dedeaux v. State, 519 So.2d 886 (Miss. 1988); Harper v. State, 510 So.2d 530 (Miss. 1987); and Williams v. State, 507 So.2d 50 (Miss. 1987).
REMANDED FOR PROCEEDINGS NOT INCONSISTENT WITH THIS OPINION.
ROY NOBLE LEE, C.J., HAWKINS and DAN M. LEE, P.JJ., and PRATHER, ROBERTSON, ANDERSON, GRIFFIN and ZUCCARO, JJ., concur.