562 So.2d 67 (1990)
Doyle SUDDUTH
v.
STATE of Mississippi.
No. 07-KA-58931.
Supreme Court of Mississippi.
April 25, 1990.
*68 Richard P. Ballard, Louisville, for appellant.
Mike C. Moore, Atty. Gen., Jack B. Lacy, Jr., Sp. Asst. Atty. Gen., Jackson, for appellee.
Before ROY NOBLE LEE, C.J., and PITTMAN and BLASS, JJ.
BLASS, Justice, for the Court:
This case involves the murder of a 76 year old black woman. The victim was stabbed in the abdomen and neck, and her dead body was found on her living room floor with an orange in her mouth and a glass vase in her vagina. Doyle Sudduth was tried and convicted for this murder, and the jury sentenced him to a term of life imprisonment. On appeal, Sudduth assigned the following as error in the trial court below:
I. THE COURT ERRED IN ADMITTING INTO EVIDENCE THIRTY-FOUR COLOR PHOTOGRAPHIC SLIDES DEPICTING THE CRIME SCENE WHERE THE SLIDE PICTURES WERE NOT RELEVANT, IN NO WAY TENDING TO CONNECT THE DEFENDANT TO THE CRIME, BUT SERVED SOLELY TO INFLAME *69 THE MINDS OF THE JURORS AND UNDULY PREJUDICED THE ACCUSED.
II. THE COURT ERRED IN ALLOWING THE TESTIMONY OF JESSIE JAMES CUNNINGHAM, ROBERT BINGHAM AND ROBERT CARR AS TO AN ALLEGED CONFESSION OF THE DEFENDANT.
III. THE COURT ERRED IN OVERRULING APPELLANT'S MOTION TO STRIKE THE JURY PANEL ON THE GROUND THAT THE STATE IMPERMISSIBLY USED ITS PEREMPTORY CHALLENGES TO STRIKE ALL MEMBERS OF APPELLANT'S RACE, THE BLACK JURORS.
IV. THE COURT ERRED IN OVERRULING THE DEFENDANT'S MOTION FOR A DIRECTED VERDICT AND MOTION FOR A NEW TRIAL ON THE GROUNDS THAT THE EVIDENCE PRESENTED BY THE STATE WAS WHOLLY INADEQUATE TO SUPPORT A CONVICTION. THE COURT FURTHER ERRED IN REFUSING TO GRANT DEFENDANT'S INSTRUCTION D-1.
In addressing the first assignment of error, we find that the trial court did not err in admitting the color photographs into evidence. Thirty-four slides were marked for identification, but only twenty-nine were actually admitted into evidence. The slides were more probative than prejudicial in this case. Miss.R.Evid. 403.
The defendant claims to have observed the victim's body only briefly after entering the victim's living room behind a police officer. The living room where the victim's body was found was dark, because the drapes were closed. Nonetheless, the record reveals that the defendant described the injuries of the victim in detail to a witness the day after the body was found. The defendant also described the type of glass object that was inserted into the victim's vagina as being a vase and not a bottle. The Defendant illustrated the size of the vase using one of the witness's own vases. Defendant also described the victim as having an orange in her mouth when her dead body was found.
Additionally, the victim's clothes were pulled up around her neck, and down below her waist. However, defendant claimed to have been able to describe the area of the victim's stab wounds to a witness after only this brief observation of the victim's body in a dim room.
The slides revealed to the jury the scene of the crime when the lights in the living room were on, and the injuries were still not clearly visible. The slides did depict that the victim was clearly injured, but one would not be able to describe the wounds in number or cause from the photographs.
The slides revealed that a safety pin in the victim's bra was unfastened. Other testimony revealed that the victim kept her money in a pouch pinned to her bra. Defendant's knife was determined to have human blood on it, and the victim was stabbed to death. See Stringer v. State, 548 So.2d 125, 134 (Miss. 1989) (this Court has approved admitting photographs to show "the force and violence" a shotgun would cause, as opposed to a pistol or handgun). Defendant was seen by one witness buying oranges at a grocery store on January 2, 1987, and the victim's body was found with an orange stuffed into her mouth. No money was found in the victim's house after the murder, and her gun was gone. On the night after the murder was estimated to have occurred, Defendant was seen at a cafe with an unusually large sum of money.
A review of our case law reveals that the admission of photographs into evidence is within the discretion of the trial judge, and such admission will be upheld on appeal absent a showing of an abuse of that discretion. Davis v. State, 551 So.2d 165, 173 (Miss. 1989); Jackson v. State, 527 So.2d 654, 657 (Miss. 1988); Alford v. State, 508 So.2d 1039, 1041 (Miss. 1987). If photographs are relevant, the mere fact that they are unpleasant or gruesome is no bar to their admission in evidence. Davis, 551 So.2d at 173; Boyd v. State, 523 So.2d 1037, 1040 (Miss. 1988).
*70 However, photographs of the victim should not ordinarily be admitted into evidence where the killing is not contradicted or denied, and the corpus delicti and the identity of the deceased have been established. Davis, 551 So.2d at 173; Shearer v. State, 423 So.2d 824, 827 (Miss. 1982). Photographs of bodies may nevertheless be admitted into evidence in criminal cases where they have probative value and where they are not so gruesome or used in such a way as to be overly prejudicial or inflammatory. Davis, 551 So.2d at 173; Griffin v. State, 504 So.2d 186, 191 (Miss. 1987); Miss.R.Evid. 403.
In this case the slides were relevant to the issue of the defendant's knowledge of the crime in such detail. Defendant saw the victim's body in a dark room, and he was able to describe the body in more detail than any one else who saw the body under the same conditions. The slides are admittedly unpleasant,[1] however, the fact that they are unpleasant is no bar to their admission. Davis, 551 So.2d at 173. We find that the trial judge did not abuse his discretion, and that this assignment of error is without merit.
Assignment of error II is without merit. The trial court did not err in allowing Jessie James Cunningham, Robert Bingham, and Robert Carr to testify regarding an out of court statement, or admission, of defendant. The statement of defendant was admissible and under Miss. R.Evid. 801(d)(2), the statement did not constitute hearsay. Rule 801(d)(2) provides that the following is not hearsay:
(2) Admission by Party-Opponent. The statement is offered against a party and is (A) his own statement, in either his individual or a representative capacity or (B) a statement of which he has manifested his adoption or belief in its truth, or (C) a statement by a person authorized by him to make a statement concerning the subject, or (D) a statement by his agent or servant concerning a matter within the scope of his agency or employment, made during the existence of the relationship, or (E) a statement by a co-conspirator of a party during the course and in furtherance of the conspiracy.
Defendant's argument in support of this assignment of error is directed to the weight of the evidence and credibility of the witnesses who testified as to defendant's admission, because the witnesses were convicts. The convict witnesses say they heard the statement of the defendant, to which they testified, while in jail. However, every person is competent to be a witness except as restricted by Miss. Code Ann. § 13-1-7 (competency of spouses) and § 13-1-11 (persons convicted of perjury or subornation of perjury), or by the Miss.R. Evid. See Miss.R.Evid. 601. The credibility of a witness, even a convict witness, is for the jury. Bevill v. State, 556 So.2d 699 (Miss. 1990); Clemons v. State, 535 So.2d 1354, 1358 (Miss. 1988); White v. State, 532 So.2d 1207, 1215 (Miss. 1988); Williams v. State, 463 So.2d 1064, 1069 (Miss. 1985); Warren v. State, 456 So.2d 735, 738 (Miss. 1984); Browning v. State, 450 So.2d 789, 791 (Miss. 1984). Hence we find this assignment of error to be without merit.
Assignment of error III is likewise without merit. The trial court did not err in overruling defendant's motion to strike the jury panel on the basis of a Batson challenge. Defendant argues that the State used its peremptory challenges in an unconstitutional manner to exclude potential *71 black jurors from the jury. Batson v. Kentucky, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986). However, Batson requires a defendant, in order to make out a prima facie case of purposeful discrimination in the selection of a petit jury, to establish:
(1) that he is a member of a cognizable racial group;
(2) that the prosecutor has exercised peremptory challenges to remove from the venire members of the defendant's race;
(3) that these facts and any other relevant circumstances raise an inference that the prosecutor used that practice to exclude the veniremen from the petit jury on account of their race.
Batson, 476 U.S. at 96, 106 S.Ct. at 1723, 90 L.Ed.2d at 87-88; see also Taylor v. State, 524 So.2d 565, 566 (Miss. 1988).
Once this prima facie showing has been made, the burden shifts to the State to come forward with a neutral explanation for challenging black jurors. Though this requirement imposes a limitation in some cases on the full peremptory character of the historic challenge, we emphasize that the prosecutor's explanation need not rise to the level justifying exercise of a challenge for cause. But the prosecutor may not rebut the defendant's prima facie case of discrimination by stating merely that he challenged jurors of defendant's race on the assumption-or his intuitive judgment-that they would be partial to defendant because of their shared race... Nor may the prosecutor rebut the defendant's case merely by denying that he had a discriminatory motive or "affirm[ing] [his] good faith in making individual selections" ... The prosecutor therefore must articulate a neutral explanation related to the particular case to be tried. The trial court then will have the duty to determine if the defendant has established purposeful discrimination.
Batson, 476 U.S. at 97-98, 106 S.Ct. at 1723-24, 90 L.Ed.2d at 88; Davis v. State, 551 So.2d 165, 170 (Miss. 1989) (applying Batson).
In the case at bar, the State offered sufficient race neutral reasons for excluded jurors to rebut defendant's Batson challenge. The defendant argues that the jury was patently flawed because the jury was white and the defendant was black. However, this argument by the defendant misses the point. The mere fact that a jury is white does not violate Batson; rather it is the racially discriminatory exercise of peremptory challenges to strike black jurors from the jury that violates the Batson rule.
The defendant does not even allege that the State's peremptory challenges were exercised in a discriminatory manner. The defense essentially argues that since the defendant is black, then he is entitled to a jury with black members. This position is unsound. The Batson decision specifically recognized that it would be impossible to apply a concept of proportional representation to the petit jury in view of the heterogeneous nature of our society. Batson, 476 U.S. at 85, n. 6, 106 S.Ct. at 1717, n. 6, 90 L.Ed.2d at 80, n. 6.
The defense may rebut the neutral nonracial explanation for the State's peremptory challenges. Davis v. State, 551 So.2d 165, 172 (Miss. 1989); see Joseph v. State, 516 So.2d 505 (Miss. 1987); Johnson v. State, 529 So.2d 577, 584 (Miss. 1988); Taylor v. State, 524 So.2d 565, 566 (Miss. 1988); Abram v. State, 523 So.2d 1018, 1019 (Miss. 1988); Dedeaux v. State, 519 So.2d 886, 891 (Miss. 1988). The defendant, here, made no attempt to do so. In the absence of an actual proffer of evidence by the defendant to rebut the State's neutral explanations, this Court may not reverse on this point. Davis, 551 So.2d at 172. This assignment of error is, therefore, without merit.
Assignment of error IV is without merit. The Court did not err in overruling the defendant's motion for a directed verdict and motion for a new trial on the ground of insufficient evidence to support a conviction. Where evidence is largely circumstantial, the jury, to convict, must believe the defendant guilty beyond all reasonable doubt and to the exclusion of every reasonable hypothesis other than that of *72 guilt. The reviewing court will not disturb a circumstantial evidence conviction unless it is opposed by a decided preponderance of evidence. Stokes v. State, 518 So.2d 1224 (Miss. 1988); see Brown v. State, 556 So.2d 338 (Miss. 1989), (circumstantial evidence conviction won't be disturbed unless it is opposed by a decided preponderance of evidence); Montgomery v. State, 515 So.2d 845 (Miss. 1987), (holding that circumstantial evidence presented, including the defendant's own admission of the purchase of a gun similar to the murder weapon, and presence near the crime scene, was sufficient to support a guilty verdict and a conviction for murder).
In the instant case, witnesses saw defendant near the crime scene during the time period that the murder was estimated to have occurred. The defendant was seen trying to sell a gun similar to the gun owned by the victim on the evening after the murder was estimated to have occurred. The defendant was seen purchasing oranges before the murder occurred, and the victim was found with an orange in her mouth. Human blood was found on the defendant's knife which was hidden by the defendant at his girl friend's house. A witness testified to an admission of the killing made by the defendant at a cafe on the evening after the murder was determined to have occurred, and inmates with defendant in jail testified as to another admission of the murder made by the defendant while in jail. Witnesses also testified as to defendant's detailed knowledge of the victim's injuries and the crime scene. We find that defendant's murder conviction is not opposed by a preponderance of evidence, and that the evidence presented is sufficient to support the conviction.
Turning to the second point raised by this assignment of error, we find that the trial court did not err in excluding Jury instruction D-1. The trial court found the instruction confusing, and we agree[2]. This Court has repeatedly condemned confusing and misleading instructions. Holmes v. State, 483 So.2d 684, 686 (Miss. 1986). Inaccurate and confusing instructions can constitute reversible error. Brazile v. State, 514 So.2d 325, 326 (Miss. 1987); see Laney v. State, 486 So.2d 1242 (Miss. 1986) (instructions requested by defendant were somewhat confusing as well as repetitious of other instructions offered to the jury, and were properly refused by the court).
Defendant asserts that, since there were no eye witnesses who identified him as the person who murdered the victim, he was entitled to a circumstantial evidence instruction, and that instruction D-1 constituted a circumstantial evidence instruction. However, it is clear that no circumstantial evidence instruction was required in this case. Mack v. State, 481 So.2d 793, 795 (Miss. 1985). Defendant made an out of court admission at a cafe and an out of court admission while in jail, and witnesses testified as to both admissions. While not a confession properly so-called, an admission constitutes direct evidence of the crime such that the giving of the familiar circumstantial evidence instruction is not required. Mack, 481 So.2d at 795. We further note that the jury was fully and adequately instructed on the law in examining the jury instructions as a whole. This assignment of error is without merit, and the case must be affirmed.
AFFIRMED.
*73 ROY NOBLE LEE, C.J., HAWKINS and DAN M. LEE, P.JJ., and PRATHER, ROBERTSON, SULLIVAN, ANDERSON and PITTMAN, JJ., concur.
NOTES
[1] The slides in this case did not depict a decomposed body or exposed internal organs. For a review of cases which admitted gruesome photographs, but which were not reversed for that ground see Hunt v. State, 538 So.2d 422 (Miss. 1989) (dead body and blood on the concrete driveway); Pinkey v. State, 538 So.2d 329, 347 (Miss. 1988) (victim's body); Minnick v. State, 551 So.2d 77, 83 (Miss. 1988) (dead bodies); Lanier v. State, 533 So.2d 473, 483-84 (Miss. 1988) (body at crime scene); Jackson v. State, 527 So.2d 654, 657 (Miss. 1988) (victim's body); Boyd v. State, 523 So.2d 1037, 1040 (Miss. 1988) (morgue photos, crime scene photos); Kniep v. State, 525 So.2d 385, 387 (Miss. 1988) (victim's body photographed at hospital); Williams v. State, 544 So.2d 782, 784 (Miss. 1987) (victim's heart and larynx separated from the body, upper portions of victim's body at autopsy, body as found at scene of murder, close-up view of chest area at autopsy, enlarged close-up views of wound to the genital area); Sims v. State, 512 So.2d 1256, 1258 (Miss. 1987) (victim's bruised head, face and arm not "gruesome").
[2] Instruction D-1 stated:

The Court instructs the jury that you are bound, in deliberating upon this case, to give the Defendant the benefit of every reasonable doubt of his guilt that arises out of the evidence or lack of evidence in this case. There is always a reasonable doubt of his guilt when the evidence simply makes it probably that he is guilty. Mere probability of guilt, however strong, will never warrant you in convicting him. It is only when, on the whole evidence, you are able to say, on your oath, that he is guilty beyond every reasonable doubt, and that there is no other way to account for the evidence in this case, and that he is guilty, that the law permits you to find him guilty. You might be able to say that you believe him guilty, but it remains your sworn duty by your verdict to say not guilty even though it may cause a mistrial of this case.