I.
Horace Williams was riding in an automobile on the night of March 10, 1989, when the vehicle was stopped by law enforcement officers. Williams was found to be in possession of 2,268.9 grams of marijuana and a large sum of money. Indicted, tried, and convicted in the Circuit Court of Leflore County of possession of marijuana with intent to sell or deliver, he was sentenced to serve twenty-five (25) years in the Mississippi Department of Corrections. Williams appeals contending the trial court committed reversible error in refusing to grant a requested jury instruction. Finding no error in the denial of the instruction, we affirm.
 II.
The refused instruction (D-2) suggested in an article written by Vincent T. Bugliosi, attorney of the California Bar entitled "Not Guilty and Innocent — The *Page 1279 Problem Children of Reasonable Doubt" states:
 Though you are naturally and properly concerned with the question of whether the defendant in this case is guilty or innocent of the crime for which he is presently standing trial, the issue for you, the jury, to determine is not the defendant's guilt or innocence. In other words, it is not to determine whether he committed the crime charged in the indictment. The issue for you to determine is whether or not the prosecution has met its legal burden of proving guilty beyond a reasonable doubt. These two issues are not the same.
 Stated another way: To say one is guilty is to say he committed [sic] the crime, to say one is innocent is to say he did not commit the crime. In American criminal jurisprudence, however, the legal term "not guilty" is not totally synonymous with innocence. "Not guilty" is a legal finding by the jury that the prosecution has not met its burden of proof. A "not guilty" verdict based on the insufficiency of the evidence can result from one of the two states of mind on your part. That you believe the defendant is innocent and did not commit the crime; or, although you do not necessarily believe he is innocent, and even tend to believe he did commit the crime, the prosecution's case was not sufficiently strong to convince you of his guilt beyond a reasonable doubt. What flows from this is that you do not have to believe the defendant is innocent in order to return a verdict of "not guilty".
The Bugliosi article suggests that jurors be given more definitive instructions on the difference between the effect of a verdict of "not guilty" and "guilty." The proposed instruction (D-2) would, in effect, add a third tier to our present two-verdict system (guilty or not guilty) which comports with Scotland's three-verdict system (guilty, not guilty, not proven).
Williams overlooks the effect of the burden of proof instructions and a presumption of innocence instruction granted by the trial court which adequately answer the arguments set forth in Attorney Bugliosi's article. The court instructions to the jury stated:
 The law presumes every person charged with the commission of a crime to be innocent. This presumption places upon the State the burden of proving the Defendant guilty beyond a reasonable doubt. The presumption of innocence attends the Defendant and prevails unless overcome by evidence which satisfies the jury of his guilty [sic] beyond a reasonable doubt. The defendant is not required to prove his innocence.
 * * * * * *
 The burden of proving the Defendant guilty of every material element of the crime with which he is charged is upon the State of Mississippi. Before you can return a verdict of guilty, the State must prove to your satisfaction beyond a reasonable doubt that the Defendant is guilty.
Additionally, Williams requested and the court granted him instruction D-4 which stated:
 The Court instructs you that under the law no jury should nor has the right to convict the defendant of a crime upon mere suspicion, regardless of how strong that suspicion may be nor simply because there may be a preponderance of evidence against the defendant, nor merely because there is or may be a reason to suspect the defendant is guilty. The Court now instructs you that suspicion, no matter how strong or how great or how convincing, never rises to the dignity of evidence under the law, and before a jury on oath can lawfully convict, they must be convinced upon evidence and evidence alone that the defendant is guilty beyond a reasonable doubt.
It is not necessary for our decision to express approval or disapproval of instruction D-4 requested and granted to Williams.
The jury was told in bold and simple terms that Williams was not required to prove his innocence and that the burden was on the State to prove him guilty beyond *Page 1280 
a reasonable doubt of the crime charged in the indictment before they could convict. The trial court is not required to instruct the jury over and over on a principle of law. Laney v. State,486 So.2d 1242, 1246 (Miss. 1986). The instructions, when read together, fully and fairly instructed the jury on the presumption of Williams' innocence and the State's burden of proof.
Williams' argument is premised on the alleged need to define reasonable doubt, yet we have held that reasonable doubt defines itself and needs no definition by the court. Barnes v. State,532 So.2d 1231, 1235 (Miss. 1988). Moreover, the proffered instruction was confusing and could have misled the jury. Its refusal was not error. Sudduth v. State, 562 So.2d 67, 72 (Miss. 1990).
CONVICTION OF POSSESSION OF MARIJUANA WITH INTENT TO SELL OR DELIVER, AND SENTENCE OF TWENTY-FIVE (25) YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS, AFFIRMED.
ROY NOBLE LEE, C.J., HAWKINS and DAN M. LEE, P. JJ., and PRATHER, ROBERTSON, SULLIVAN, BANKS and McRAE, JJ., concur.