# IN THE COURT OF APPEALS 4/23/96

# OF THE

# STATE OF MISSISSIPPI

## NO. 95-KA-00239 COA

**LARRY RENA TURNER**

**APPELLANT**

**v.**

**STATE OF MISSISSIPPI**

**APPELLEE**


THIS OPINION IS NOT DESIGNATED FOR PUBLICATION AND

MAY NOT BE CITED, PURSUANT TO M.R.A.P. 35-B


TRIAL JUDGE: HON. EUGENE M. BOGEN

COURT FROM WHICH APPEALED: WASHINGTON COUNTY CIRCUIT COURT

ATTORNEY FOR APPELLANT:

ROBERT E. BUCK

ATTORNEY FOR APPELLEE:

OFFICE OF THE ATTORNEY GENERAL

BY: PAT FLYNN

DISTRICT ATTORNEY: FRANK CARLTON

NATURE OF THE CASE: BURGLARY OF A BUSINESS

TRIAL COURT DISPOSITION: CONVICTED OF BURGLARY AND SENTENCED AS A HABITUAL OFFENDER TO A TERM OF SEVEN (7) YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS


BEFORE THOMAS, P.J., BARBER, AND SOUTHWICK, JJ.

THOMAS, P.J., FOR THE COURT:

Turner was convicted of burglary and sentenced as a habitual offender. He appeals, assigning two issues as error: (1) whether the verdict of the trial court was contrary to the overwhelming weight of the evidence and (2) whether the trial court erred in refusing to allow him to make a closing argument. Finding both issues without merit, we affirm.

FACTS

Around midnight on July 28, 1994, Officer David Damon, of the Greenville Police Department, responded to a silent burglar alarm which had been triggered on the second floor of the Chamber of Commerce building. Damon testified at trial that, upon hearing a loud crash, he ran around to the front of the building in time to see a black man wearing a striped shirt standing on the roof of the building. As Officer Damon watched, the man grabbed a tree limb and swung himself over a brick retaining wall on the east side of the building. Officer Damon testified that he ran around the wall and saw the man get up and begin running down the street. While calling for backup, Officer Damon began chasing the man on foot. Officer Damon testified that he knew Turner and had been close enough to him during the chase to recognize him.

Other officers responded to Officer Damon's call and joined in the search. Officer Bobby Johnson soon discovered a black man wearing a striped shirt, who was sweating and seemed "exhausted," hiding in the brush between railroad tracks and an apartment building. Turner was arrested on the scene.

After Turner was arrested, Officer Johnson went back to the Chamber of Commerce building where he found a microwave oven hanging by an electrical cord outside of a window. He also found a typewriter with an electrical cord tied to it next to the same window.

Turner testified as the only witness for the defense. Turner denied burglarizing the building and stated that he was merely sleeping when Officer Johnson arrested him.

ANALYSIS

Turner asserts that there was insufficient evidence to convict him because the State did not prove that he was ever actually inside the building. Our scope of review on appeal, which is very limited, has been stated many times and need not be restated here. *McClain v. State*, 625 So. 2d 774, 778 (Miss. 1993); *McFee v. State*, 511 So. 2d 130, 133-34 (Miss. 1987); *Wetz v. State*, 503 So. 2d 803, 812 (Miss. 1987). Since this case is based on circumstantial evidence, the State is required to prove Turner's guilt beyond a reasonable doubt and to the exclusion of every reasonable hypothesis consistent with innocence. *Sudduth v. State*, 562 So. 2d 67, 71-2 (Miss. 1990); *Murphy v. State*, 566 So. 2d 1201, 1204 (Miss. 1990); *Brown v. State*, 556 So. 2d 338, 340 (Miss. 1990). There was ample evidence for the trial court, sitting as finder of fact, to convict Turner of burglary. The trial court determined that Turner did not offer any plausible explanation of his presence, sweating and exhausted, in the brush or his flight from the officers. This issue is without merit.

Turner also asserts that he was denied a fair trial and his right to represent himself when the judge refused to allow him to make a closing argument. After both parties had rested, the judge began rendering his opinion as follows: "All right. Larry, you have finally run out of luck. The State has met its burden of proof in this case of proving beyond a reasonable doubt that on the date in question you broke and entered the cocaine [sic] building with the intent to commit a crime while inside. . . ." Turner then interrupted the judge and asked, "May I speak?" The judge refused his request and finished rendering his decision. Neither Turner nor his counsel objected to this ruling. Turner cannot prevail on this issue. Although a defendant is entitled to personally argue his case, Turner did not effectively invoke this right. *See Bevill v. State*, 556 So. 2d 699, 710 (Miss. 1990); *Trunell v. State*, 487 So. 2d 820, 826 (Miss. 1986); *Ballard v. State*, 366 So. 2d 668, 668 (Miss. 1979); *Gray v. State*, 351 So. 2d 1342, 1345 (Miss. 1977). First, he waited until the trial judge had indicated his decision to find Turner guilty. Second, Turner did not clearly indicate that he wanted to make a closing argument. His simple request to "speak" is insufficient. Further, it must also be remembered that the trial judge had just finished listening to Turner testify, and, therefore, this case is not one where the defendant was forced to chose between his right to be heard and his right against self-incrimination. *See Trunell*, 487 So. 2d at 826.

Since Turner failed to contemporaneously object, this issue is procedurally barred on appeal. The trial court will not be found in error on an issue not placed before it for decision. *Metcalf v. State*, 629 So. 2d 558, 561-62 (Miss. 1993); *Crenshaw v. State*, 520 So. 2d 131, 134-35 (Miss. 1988). This issue is without merit.

**THE JUDGMENT OF THE CIRCUIT COURT OF WASHINGTON COUNTY OF CONVICTION OF BUSINESS BURGLARY AND SENTENCE AS A HABITUAL OFFENDER TO SEVEN (7) YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS IS AFFIRMED. ALL COSTS ASSESSED TO WASHINGTON COUNTY.**

**FRAISER, C.J., BRIDGES, P.J., BARBER, COLEMAN, DIAZ, KING, McMILLIN, PAYNE, AND SOUTHWICK, JJ., CONCUR.**