## IN THE COURT OF APPEALS
## OF THE
## STATE OF MISSISSIPPI
## NO. 95-KA-01077 COA

**LESTER L. JONES**                                                              **APPELLANT**

**v.**

**STATE OF MISSISSIPPI**                                                       **APPELLEE**

THIS OPINION IS NOT DESIGNATED FOR PUBLICATION AND MAY NOT BE CITED,
PURSUANT TO M.R.A.P. 35-B

| | |
|---|---|
| DATE OF JUDGMENT: | 9/21/95 |
| TRIAL JUDGE: | HON. JOE N. PIGOTT |
| COURT FROM WHICH APPEALED: | CLAIBORNE COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | WILLIAM B. KIRKSEY |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL |
| | BY: W. GLENN WATTS |
| DISTRICT ATTORNEY: | G. GILMORE MARTIN |
| NATURE OF THE CASE: | CRIMINAL - FELONY |
| TRIAL COURT DISPOSITION: | CONVICTED OF MURDER, ARSON AND AGGRAVATED ASSAULT AND SENTENCED TO LIFE FOR THE MURDER; 20 YRS. FOR THE ARSON; AND 18 AND 16 YRS. ON THE TWO AGGRAVATED ASSAULT CONVICTIONS. |
| DISPOSITION: | AFFIRMED - 12/16/97 |
| MOTION FOR REHEARING FILED: | |
| CERTIORARI FILED: | |
| MANDATE ISSUED: | 2/4/98 |

BEFORE McMILLIN, P.J., KING, AND PAYNE, JJ.

McMILLIN, P.J., FOR THE COURT:

Lester Jones was convicted by a jury in the Circuit Court of Claiborne County on all counts of a four count indictment charging him with arson, murder, and two counts of aggravated assault. The charges arose out of an incident in which the State contended Jones assembled a Molotov cocktail and then purposely threw the device into an occupied dwelling. The residence was destroyed by the ensuing fire and two adult occupants were seriously burned. A six-year-old child in the residence at the time was burned to death. The incident appears to have arisen out of a dispute between Jones and

a former girlfriend who was living in the residence at the time.

Jones has appealed his conviction to this Court, asserting four issues which he claims would warrant a reversal. We find them to be without merit for reasons we will proceed to discuss, and we, therefore, affirm the conviction.

Two of the issues raised relate to the jury instructions on the murder charge. Since we determine that both issues are resolved by the same general legal considerations, we will discuss the jury instructions as one issue.

## I.

### The Jury Instructions on Murder

Jones was indicted for the murder of the child who died in the fire. The indictment charged that he "did willfully, unlawfully, and feloniously, and with malice aforethought, kill and murder Jebony Walker, a human being, in violation of Miss. Code Ann. Sec. 97-3-19 . . . ."

In aid of consideration of the issues raised by Jones concerning the jury instructions relating to this charge, it would be helpful at the outset to quote in full the definition of murder contained in the Mississippi Code of 1972:

> (1) The killing of a human being without the authority of law by any means or in any means or in any manner shall be murder in the following cases:

> (a) When done with deliberate design to effect the death of the person killed, or of any human being;

> (b) When done in the commission of an act eminently dangerous to others and evincing a depraved heart, regardless of human life, although without any premeditated design to effect the death of any particular individual. . . .

**Miss. Code Ann. § 97-3-19 (Rev. 1994).**

### A.

### The State's Instruction S-10

At the close of the evidence, the State was granted an instruction that permitted the jury to convict if it found that Jones did "wilfully and feloniously kill Jebony Walker, a human being, without authority of law, when he, the said defendant, was then and there *committing an act which was eminently dangerous to others and evincing a depraved heart, regardless of human life, although without any premeditated design to effect the death of Jebony Walker . . . ."* (emphasis supplied).

On appeal, Jones claims the trial court erred in permitting the jury to convict under a "depraved heart" instruction when the indictment charged him with premeditated murder. Counsel for Jones concedes that under the present jurisprudence of this State, this issue is without merit. In *Catchings v. State,* the defendant was indicted for deliberate design murder in language patterned after section

97-3-19(1)(a); however, the jury was given an instruction that permitted it to convict upon an alternative finding that the killing was done in the commission of an eminently dangerous act evincing a depraved heart, without regard to premeditated design. *Catchings v. State,* **684 So. 2d 591, 599 (Miss. 1996).** This alternative language in the instruction mirrored the language of section 97-3-19(1)(b). *Id.* Catchings argued that this constituted an impermissible amendment of the indictment, or, alternatively, would permit the jury to convict him on proof at material variance with the elements charged in the indictment. *Id.* at 598. The Mississippi Supreme Court, citing its earlier decision of *Mallett v. State,* **606 So. 2d 1092 (Miss. 1992)**, held that the two subsections of the murder statute had "coalesced." *Catchings,* **684 So. 2d at 599.** The *Catchings* court, therefore, refused to reverse on the basis urged by the defense. The court relied for its decision on the logic of the *Mallett* opinion that "every murder done with deliberate design to effect the death of another human being is by definition done in the commission of an act imminently dangerous to others and evincing a depraved heart, regardless of human life." *Catchings,* **684 So. 2d at 599** (quoting *Mallett v. State,* 606 So. 2d 1092, 1095 (Miss. 1992)).

Jones admits the applicability of these decisions to his case but asks the Court to reconsider the holding in the cases and, instead, recognize the two subsections of 97-3-19 as defining separate forms of murder, much like the supreme court has held that there are two distinct and separate forms of aggravated assault under subsections (a) and (b) to section 97-3-7(2). *See Quick v. State,* **569 So. 2d 1197, 1199-2000 (Miss. 1990).** This Court, in keeping with its perceived obligation to follow existing precedent, declines to undertake the task of overruling *Mallett* and *Catchings*. Jones is certainly free to reassert such an argument in support of a petition for certiorari to the Mississippi Supreme Court. We, however, elect to apply the holding in *Mallett* and *Catchings* and find that there was no reversible error in submitting this case to the jury under the "depraved heart" subsection of this State's statute defining the crime of murder despite the seemingly contradictory language of the indictment requiring "malice aforethought."

## B.

### The Defendant's Instructions

The defendant had requested several instructions that sought to define premeditation or malice aforethought and to tell the jury that it must find such premeditation in order to convict of murder. The trial court refused all the instructions because the case was being submitted to the jury solely under the depraved heart portion of the murder statute and premeditation is not a necessary element of depraved heart murder. Under such circumstances an instruction defining premeditation or malice aforethought could only serve to confuse the jury in its deliberations. There was no error in refusing the instructions. *Sudduth v. State,* **562 So. 2d 67, 72 (Miss. 1990).**

There was no reversible error in the handling of jury instructions.

## II.

### Evidence Concerning the Victim

Two witnesses were permitted to testify that the child killed in the fire was six years old and an elementary school student at the time of her death. Jones's attorney interposed a relevancy objection

to the first witness's testimony. The objection was overruled. As to the second witness, defense counsel interposed an objection that the evidence was cumulative. That objection was also overruled. He then expanded his objection and said, "We would further object under the holding of *Payne versus Tennessee* and *Williams versus State."* This alternative ground for objection was also overruled. On appeal, Jones claims this line of inquiry was improper "victim impact" evidence intended solely to elicit sympathy for the victim and correspondingly to prejudice the defendant in the eyes of the jury.

*Payne v. Tennessee*, **501 U.S. 808 (1991),** was a United States Supreme Court decision holding that victim impact evidence was admissible during the sentencing phase of a capital murder trial. The case does not stand for the inadmissibility of such evidence in the guilt phase. It is, in fact, difficult to see what relevance this case has on the matter we now consider. Evidence relevant to guilt or innocence of a defendant bears little or no connection to evidence relevant to considerations of the proper punishment of that defendant, once convicted. Neither does Jones's brief supply a citation to the case of *Williams v. State* mentioned at trial. Instead, the brief cites the Court to *Davis v. State,* **684 So. 2d 643 (Miss. 1996).** That case dealt with the admissibility of evidence that the murder victim was on probation for a drug-related offense. *Id.* **at 658.** The Mississippi Supreme Court held that the trial court was correct in excluding the evidence since "the character and reputation of the deceased are not issues." *Id.* (quoting *Fisher v State*, 481 So. 2d 203, 225 (Miss. 1985). We find this proposition uninstructive as to how admitting proof of the age and school status of a murder victim might require reversal of a conviction. In *Davis*, the supreme court correctly observed that "[s]ome facts about victims come in during the course of a trial as part of the natural proof of a case in telling a complete story." *Id.* **at 658-59.** We consider the proof offered by the State to be in keeping with this concept. No attempt was made to dwell on the tender years of the victim or to interject additional irrelevant evidence about the child designed solely to stir the emotions of the jury. As the United States Supreme Court observed in the *Payne* decision, "[i]n the event that evidence is introduced that is so unduly prejudicial that it renders the trial fundamentally unfair, the Due Process Clause of the Fourteenth Amendment provides a mechanism for relief." *Crane,* **501 U.S. at 825.** We conclude, however, that this short factual recitation about the victim, with nothing more, falls far short of the type of prejudicial evidence appealing to the emotions of the jurors that would require this Court to intervene in order to prevent a manifest injustice.

## III.

### The Weight and Sufficiency of the Evidence

Jones contends, as his final issue, that "the verdict was against the overwhelming weight of the evidence and should be reversed for new trial." However, his argument in support of this issue limits itself to the proposition that the evidence was insufficient to sustain the conviction. These two issues -- the sufficiency of the evidence and the weight of the evidence -- though related, are nevertheless distinct and compel markedly different results. A finding that the proof was insufficient results in a Double Jeopardy bar to further prosecution, whereas, a finding that the verdict was against the weight of the evidence contemplates the necessity of a retrial. *Gossett v. State,* **660 So. 2d 1285, 1293 (Miss. 1995).** Jones addresses this issue in one sentence, saying " . . . even if you accept as true all the evidence which supports the State's position, together with all inferences reasonably flowing therefrom in light most favorable to the State's theory as required, there was insufficient proof to

prove the necessary elements of murder, arson, and two counts of aggravated assault." He points the Court to no particular shortcomings in the State's proof as to the essential elements of any of the four crimes for which he was tried. We consider such a broad argument, without more, as failing the requirement of Mississippi Rule of Appellate Procedure 28(a)(6) that "[t]he argument shall contain the contentions of appellant with respect to the issues presented, *and the reasons for those contentions,* with citations to the authorities, statutes, *and parts of the record* relied on. **M.R.A.P. 28(a)(6)** (emphasis supplied). We, therefore, decline to consider this issue further.

**THE JUDGMENT OF THE CIRCUIT COURT OF CLAIBORNE COUNTY OF CONVICTION OF COUNT I MURDER AND SENTENCE TO LIFE; COUNT II ARSON AND SENTENCE OF TWENTY YEARS; COUNT III AGGRAVATED ASSAULT AND SENTENCE OF EIGHTEEN YEARS; COUNT IV AGGRAVATED ASSAULT AND SENTENCE OF SIXTEEN YEARS WITH SAID SENTENCES TO RUN CONSECUTIVELY IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS IS AFFIRMED. COSTS OF THIS APPEAL ARE ASSESSED TO CLAIBORNE COUNTY.**


**BRIDGES, C.J., THOMAS, P.J., COLEMAN, DIAZ, HERRING, HINKEBEIN, KING, PAYNE, AND SOUTHWICK, JJ., CONCUR.**