GRIFFIS, J.,
for the Court.
¶ 1. Jermaine Richardson was found guilty of the crime of drive-by shooting, in violation of Mississippi Code Annotated Section 97-3-109 (Rev.2000). Richardson was sentenced to serve a term of fifteen years, with eight years suspended and five years of post-release supervision. We find no error and affirm.
FACTS
¶2. On July 14, 2001, Richardson was driving home when he saw Jason Barnes walking along the side of the street. Richardson noticed that Barnes appeared upset, and stopped to offer him a ride. Barnes was upset because his sister, Tameka Barnes, had been in a fight with her boyfriend, Cecil Demont Friar. Barnes wanted to speak with Friar, so he asked Richardson to drive him to Friar’s apartment. Richardson agreed. On the way, they picked up Kelvin Pierce.
¶ 3. Upon arriving at Friar’s apartment, Barnes got out of the car and knocked on Friar’s door. Friar answered the door with a screwdriver in his hand. Friar and Barnes began to argue, and a physical altercation ensued. The altercation continued in the parking lot, where Pierce also became involved. Whether or not Richardson participated in the fight is disputed.
¶ 4. Richardson claims that he eventually broke up the fight and left with Barnes and Pierce. Soon thereafter, Barnes realized that his wallet was no longer in his pocket, and he asked Richardson to return to Friar’s apartment complex so he could look for it. On the way, Richardson, Barnes and Pierce met with Jason McGaha and told him about the fight. McGaha claims that Richardson then asked McGa-ha for his gun. McGaha claims that he did not give the gun to Richardson or bring it with him. McGaha testified that he is not *1108 sure how his gun got in the car. McGaha did, however, get into the car with the other men.
¶ 5. The four men then drove to Friar’s apartment complex. They claim that when Friar saw them in the parking lot he came out of his apartment with a butcher knife and threatened to kill them. Richardson testified that Friar approached the car and was warned to stop. Richardson claims that when Friar continued toward the car, he fired a shot into the air in order to scare Friar away.
¶ 6. Friar testified that when the men returned to his apartment complex, Barnes began yelling for Friar to come outside and fight. Friar admits that he went outside with a butcher knife, but denies ever stepping from outside his doorway or threatening to kill anyone. Friar also claimed that Richardson pointed the gun toward his apartment rather than into the air. A bullet matching the gun Richardson fired was found lodged in Friar’s car, which had been parked in front of his apartment.
ANALYSIS

I. Whether the trial court emd in denying Richardson’s motion for a directed verdict.

¶ 7. Richardson asserts that the trial court erred in denying his motion for a directed verdict. However, this issue is not properly before this Court on appeal.
¶ 8. After Richardson’s motion was denied, he proceeded with his case by testifying and producing a witness to testify on his behalf. In Holland v. State, 656 So.2d 1192, 1197 (Miss.1995), the court held that when a defendant moves for directed verdict after the State rests and that motion is overruled, if the defendant proceeds with his case, he waives the appeal of the denial of his motion for directed verdict. By proceeding with his case, Richardson waived the appeal of this issue, and it is not properly before this Court.

II. Whether the trial court erred in denying Richardson’s motion for judgment notwithstanding the verdict.

¶ 9. Richardson next contends that the trial court erred in denying his motion for judgment notwithstanding the verdict. The standard of review for denial of a motion for directed verdict or for judgment notwithstanding the verdict is the same. Alford v. State, 656 So.2d 1186, 1189 (Miss.1995). Once the jury has returned a guilty verdict, neither the trial court nor this Court is at liberty to direct that the defendant be found not guilty unless, viewed in the light most favorable to the verdict, no reasonable, hypothetical juror could find beyond a reasonable doubt that the defendant was guilty. Conners v. State, 822 So.2d 290, 293(¶ 6) (Miss.2001). This Court must consider as true all evidence consistent with the defendant’s guilt, and the State must be given the benefit of all favorable inferences. McClain v. State, 625 So.2d 774, 778 (Miss.1993). It is not for this Court to pass on the credibility of witnesses, and where the evidence justifies the verdict, it must be accepted as having been found worthy of belief. Grooms v. State, 357 So.2d 292, 295 (Miss.1978).
¶ 10. Under this standard of review, we look at the evidence presented at trial that favors the guilty verdict. Mississippi Code Annotated Section 97-3-109 (Rev.2000) defines the crime of drive-by shooting as follows:
A person is guilty of a drive-by shooting if he attempts, other than for lawful self-defense, to cause serious bodily injury to another, or causes such injury purposely, knowingly or recklessly under circumstances manifesting extreme indifference to the value of human life by *1109 discharging a firearm while in or on a vehicle.
¶ 11. Richardson testified that he fired the gun into the air in order to scare Friar. Richardson testified that he was leaning on the car when the shot was fired. However, there was also testimony by Friar that Richardson was inside the car when the shot was fired. Friar testified that he had not stepped outside of his doorway and that Richardson was pointing the gun in his direction, rather than into the air, when the shot was fired. The fact that a bullet matching the gun fired by Richardson was found lodged in Friar’s car, which had been parked in front of his apartment door, bolsters Friar’s testimony.
¶ 12. In accepting this evidence in accordance with the appropriate standard of review, we find that it was reasonable for the jury to find Richardson guilty of the crime of drive-by shooting, in violation of Mississippi Code Annotated Section 97-3-109. Therefore, we find that the trial judge did not err in denying Richardson’s motion for judgment notwithstanding the verdict.

III. Whether the trial court erred in overruling Richardson’s objection to the State’s use of a peremptory challenge on juror number five, Anthony Young.

¶ 13. Richardson argues that the trial court erred in overruling his objection to the State’s use of a peremptory challenge on juror, Anthony Young. Richardson contends that the State did not give a sufficient race-neutral reason for the challenge as required by Batson v. Kentucky, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986).
¶ 14. Under Batson, a defendant makes a prima facie showing of purposeful discrimination by establishing that he is a member of a cognizable racial group, and that the prosecutor has exercised peremptory challenges to remove from the venire members of the defendant’s race. Id. at 1721. The above facts, along with any other relevant circumstances, raise an inference that the prosecutor used peremptory challenges to exclude venire persons on account of their race. Id. Once a defendant makes such a showing, the burden shifts to the prosecution to come forward with a race-neutral explanation for challenging prospective jurors. Id.
¶ 15. Richardson’s counsel objected when the prosecution exercised a peremptory challenge on Anthony Young. Like Richardson, Young is a black male. Counsel argued that the State used the peremptory challenge on account of Young’s race. However, when the trial judge asked the prosecution to provide a race-neutral explanation, the prosecution responded that the State used a peremptory challenge on Young because he worked with the mother of two of the key witnesses, Jason and Tameka Barnes.
¶ 16. The trial judge found the State’s explanation to be sufficiently race-neutral, and Richardson did not proffer any evidence to rebut that explanation. “In the absence of an actual proffer of evidence by the defendant to rebut the State’s neutral explanations, the supreme court may not reverse on a Batson challenge.” Sudduth v. State, 562 So.2d 67, 71 (Miss.1990). Richardson did not make such a proffer, and therefore, based on Sudduth, this Court will not reverse the trial court’s decision to overrule Richardson’s objection.
¶ 17. Accordingly, we find no error and affirm.
¶ 18. THE JUDGMENT OF THE CIRCUIT COURT OF PRENTISS COUNTY OF CONVICTION OF DRIVE-BY SHOOTING AND SENTENCE OF FIFTEEN YEARS IN THE *1110 CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS WITH EIGHT YEARS SUSPENDED AND FIVE YEARS OF POST-RELEASE SUPERVISION, FINE OF $1,000 AND $406.81 IN RESTITUTION IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
KING, C.J., BRIDGES AND SOUTHWICK, P.JJ., THOMAS, LEE, IRVING, MYERS AND CHANDLER, JJ., CONCUR.